GULF, COLORADO & SANTA. FE RAILWAY COMPANY v. J. A. YOUNGER
ET AL.

Decided June 1, 1898.

1. **Recovery for Minor—To Whom Paid.**

The next friend or person recovering judgment for a minor has no right to collect. the same until qualified as guardian (except in case of judgments not exceeding $500, as provided in Revised Statutes, article 3498w), and where the amount of such a judgment for $5000, having been paid into the hands of the clerk, was by him delivered to the party recovering it on behalf of the minor, who executed an indemnity bond therefor, the court, on the matter being called to its attention, no matter how, should make such orders as are necessary to replace the money in the registry of the court.

2. **Same—Motion by Defendant.**

A motion by defendant who has paid into court money recovered by a minor to secure its return after being improperly paid over to one not a guardian, should not be refused on the ground that defendant making the motion is protected by the payment into court and not prejudiced by its improper delivery to another than the guardian.

APPEAL from Tom Green. Tried below before Hon. J. W. TIMMINS..

*J. W. Terry* and *Chas. K. Lee,* for appellant.

No brief for appellees on file.

KEY, ASSOCIATE JUSTICE.—The nature of this proceeding is correctly stated in appellant's brief, as follows: "This is an appeal from final judgment on motion, in case of J. A. Younger v. Gulf, Colorado & Santa Fe Railway Company, in the District Court of Tom Green County, Texas. The motion was as follows:

"Now comes the Gulf, Colorado & Santa Fe Railway Company and respectfully shows unto the court that on the 27th day of May, A. D. 1897, as shown by the records of this court, judgment was rendered against it for the sum of seven thousand five hundred dollars ($7500), two thousand five hundred dollars ($2500) of said sum being in favor of Dr. J. A. Younger, and five thousand dollars of said sum being in favor of Della Younger.

"That thereafter, as the records of this court fully show, this defendant perfected an appeal in said cause from said judgment to the Court

of Civil Appeals for the Third Supreme Judicial District, at Austin, Texas.

· "That thereafter, the plaintiff in said cause, Dr. J. A. Younger, and this defendant agreed upon a settlement of the matters in dispute in this cause, and the judgment herein rendered, upon the following terms and basis, to wit:

"That this defendant should pay off and satisfy in full the judgment against it in favor of said Della Younger, said payment to be made into the registry of this court, for the use and benefit of said Della Younger. That this defendant should also pay to said Dr. J. A. Younger the difference between the amount so paid into the registry of this court, under such settlement for the use and benefit of Della Younger, to wit: The full amount of the judgment in favor of said Della Younger, with interest due thereon (the full amount of said judgment and interest being $5080.83) and the sum of seven thousand dollars, which, on calculation, was found to be the sum of $1919.17; which said amount this defendant was to pay to the said Dr. J. A. Younger in full settlement and satisfaction and discharge of any and all liability to him on account of the judgment for his use and benefit in said cause; which said payment was to be made to Dr. J. A. Younger, he being sui juris.

"That in pursuance of the terms of the said settlement, this defendant did promptly and without delay pay to the said Dr. J. A. Younger the said sum of $1919.17, and did pay into the registry of this court the sum of $5080.83, being the full amount of the judgment and interest thereon, rendered for the use and benefit of the said Della Younger.

"That said Della Younger was at said time and is now a minor.

"That thereafter, and as defendant believes and charges without warrant in law and wholly in disregard of the rights of said Della Younger, and without any right or authority whatsoever, and over the protest of this defendant, Ed. Duggan, Esq., the clerk of this court, delivered and paid over to said Dr. J. A. Younger the said amount of $5080.83 so paid into the registry of this court for the use and benefit of the said Della Younger. That said payment was not made to said Dr. J. A. Younger as guardian of the estate of said Della Younger, but defendant is advised and believes, and so charges, that said Dr. J. A. Younger has never qualified under the law as guardian of the estate of the said minor, but that he has no right whatsoever to act as such guardian, or to receive any property belonging to said minor in the capacity of guardian; and defendant is advised and believes, and so charges, that contrary to the statute in such case made and provided and without warrant whatever in law, said Ed. Duggan did offer to deliver and did deliver the said sum of money from the registry of this court to the said Dr. J. A. Younger, on the delivery to the said Duggan of a so-called and purported indemnity bond, conditioned and made payable to him, the said Duggan, and the sureties on his official bond, to hold him and the said sureties harmless against any claims that might be made against them by reason of the said act of the said Duggan in paying the said money over to him, the said Younger.

Defendant says that the said proceeding was wholly without warrant in law.

"This defendant is further advised and believes, and therefore charges, that the sureties on the said bond have, neither severally nor altogether, property subject to execution, sufficient to amount to the sum of five thousand dollars, and that the amount due and payable to the said Della Younger, when she comes of age, allowing proper legal interest for the money so received, will amount to greatly in excess of $5000 and close on to $10,000.

"Defendant further says that, as shown by the record of the testimony of said Dr. J. A. Younger on the trial of this cause, if such testimony be a true statement of all the property he has, it is doubtful whether he, said Dr. J. A. Younger, has property subject to execution sufficient to amount to $5000.

"Wherefore, this defendant says that said indemnity bond in itself is no protection to the said minor.

"Wherefore, defendant moves the court to appoint a clerk of the district court pro tempore for the purpose of filing this motion and issuing process thereon, and that said Duggan and said Younger be cited to show cause why they should not be punished for contempt in paying funds in the registry of this court to parties not entitled to take the same and in procuring said payment; and that on final hearing an order may be made requiring the said Younger to forthwith return said money into the registry of this court, there to remain until said Della Younger becomes of lawful age, or until the payment of the same is demanded by some legally qualified guardian of the estate of the said minor, Della Younger.   And that the court will make such further order  or orders in the premises as may be right, lawful, and proper in the premises, and that the costs of this motion may be  taxed  against  the  said  Duggan  and  the  said Younger."

After service on said defendants in said motion, Younger and Duggan filed demurrers thereto as follows:

"Now in this cause comes Ed. Duggan and J. A. Younger, defendants in this motion, and except to the matters and things in said motion contained, aver that the same shows no grounds sufficient either at law or in equity that would authorize the court to grant said motion, of all which said parties defendant pray judgment of the court, and that they be dismissed with their costs.

"And now for special exceptions to said motion, said parties show:

"Second—That it is not shown by said motion that said plaintiff in said motion, the Gulf, Colorado & Santa Fe Railway Company is or could be in any manner injured or prejudiced by the appropriation and payment of the money upon the judgment in favor of Della Younger nor by its receipt by said J. A. Younger.

"Third—Because it is shown by all the allegations in said motion contained, and by the record in the case of J. A. Younger v. Gulf, Colorado & Santa Fe Railway Company therein referred to, that the judgment in

favor of Della Younger has, to all intents and purposes, been legally paid out, received, and appropriated, bond executed and delivered to Ed Duggan to secure him therefor, and that defendant, said railway company, has no legal or equitable right to complain thereof. And to further verify this exception, it is asked that the full record of said cause be considered by the court."

They also answered in the case, but the matter having been decided on demurrer the answer is not material.

At the December term, 1897, the cause came on for hearing and general and special exceptions were in all things sustained, to which defendant excepted, gave notice of appeal, and this cause has been properly brought to this court by appeal.

The judgment will be reversed, because in our opinion the court erred in sustaining the exceptions referred to. Chapter 1 of title 72 of the Revised Statutes, authorizing minors to bring suit by next friends, provides "that such next friend can not collect the proceeds of any moneyed judgment he may recover, except as herein specified." Art. 3498u.

Article 3498w of the same statute reads as follows: "Whenever, in any suit pending in this State, any minor recovers a personal judgment for money or other personal property, in which the interest of the minor does not exceed the value of $500, and said minor has no guardian, such next friend, or any person authorized by the court to do so, by an order entered of record, may take charge of said money or property for the benefit of said minor, upon giving bond in such sum as shall be ordered by the court, which shall not be less than double the value of the property, conditioned that he will pay over said money and lawful interest thereon and deliver said property and its increase to the minor, when he becomes of age, or to his legally qualified guardian, when demanded, and that he will pay or deliver the same to such person appointed by the court when ordered by the court to do so, and that he will use such money or property for the benefit of the minor, as ordered by the court."

Prior to the enactment of this statute, it had been repeatedly held that the next friend had no right to collect a judgment rendered in his name for the use and benefit of a minor until he had qualified as guardian. Railway v. Styron, 66 Texas, 421; Railway v. Hewitt, 67 Texas, 473; Oil Co. v. Thompson, 76 Texas, 235. The statute quoted changes the law in this respect, when the amount of the judgment does not exceed $500, and the minor has no guardian, in which event the next friend, or any person authorized by the court, may receive the money, upon giving bond as required by the statute.

This provision, however, does not apply to the case at bar, because the amount recovered for the benefit of the minor was greatly in excess of $500. It follows, therefore, that the action of the clerk in paying the money to J. A. Younger was unlawful; and when that fact was brought to the attention of the court below, that court should have compelled the clerk and the parties who assisted him in removing the money from the registry of the court, to return the same.

. We deem it unnecessary to determine whether or not the original judgment would fully protect the railway company, regardless of what was done with the money recovered for the minor. If it be conceded that it would have that effect, and that the railway company has no further interest in the litigation, still the action of the trial court was erroneous, and should be corrected.

As to the funds in question, that court occupies a relation analogous to that existing between a probate court and the estate of a ward; and in such cases, when it comes to the knowledge of the court, no matter how the information is obtained, that the property of the ward is being diverted, or used in a manner prohibited by law, it is the duty of the court of its own motion to take such steps as are necessary to fully protect the interests of the ward.

The judgment will be reversed with instructions to hear the questions raised by the motion; and, if the facts are as alleged therein, to enter such judgment, make and enforce such orders as may be necessary to replace the money in the registry of the court, there to remain until demanded by a duly qualified guardian of the minor, or by the minor herself, after attaining her majority.

*Reversed and remanded.*