## W. M. WARD v. OLLIE WARD.

Decided December 19, 1903.

**Infant—Custody—Mother's Unfitness.**

In a contest between the paternal grandfather and the mother over the custody of a boy of four years of age, where the grandparent had pleaded that the mother had a bad reputation for chastity, truth and honesty, it was reversible error for the trial court to sustain exceptions to such allegation and refuse to hear evidence in its support.

Appeal from the District Court of Swisher. Tried below before Hon. Ira Webster.

*W. T. Kelley* and *Turner & Boyce,* for appellant.

SPEER, ASSOCIATE JUSTICE.—This is a contest between the paternal grandfather upon the one hand and the mother upon the other over the custody of an infant, a boy four years of age. The trial court awarded the custody to the mother, and while we are loath to disturb that judgment yet a just appreciation of the rights of the minor, we think, compels us to remand the cause. Appellant pleaded among other things that the mother of the infant had "a bad reputation for chastity, truth, veracity and honesty," and the trial court sustained a special exception to such allegation, and refused to hear evidence in its support. A parent's claim to the custody of an infant is of course ordinarily superior to that of any other person, but it is not alone to the right or wish of the parent we are to look in determining such question. Such right is not absolute. The interest of the child is the first consideration, and if such parent is for any reason an unsuitable person to have its care, the custody should be awarded elsewhere. If the mother in this instance is a woman of bad reputation in the particulars mentioned, that fact should be considered by the court or jury in determining the award. A mother's reputation in these respects might be so notoriously bad as to render it altogether out of the question that she should be permitted to rear her child when a better home is offered it. We have nothing to do with the weight of the proposed testimony in this case, but merely rule that the allegation should not have been stricken out, and that evidence should have been admitted in its support.

We can not consider the bill of exception taken to the court's ruling in admitting the letter written to apellee by the deceased husband, for the reason that such bill does not appear to have been approved or allowed by the court. Clitus v. Langford, 24 S. W. Rep., 325. In view of another trial, however, we doubt the admissibility of the evidence. It appears to be hearsay.

For the error discussed, we reverse the judgment and remand the cause.

*Reversed and remanded.*