NOBLE v. NOBLE et al.    (No. 5622.)

(Court of Civil Appeals of Texas. Austin. March 29, 1916.)

DIVORCE ⚖═298(1)—CUSTODY OF CHILDREN—AWARD TO THIRD PARTY.

Though Vernon's Sayles' Ann. Civ. St. 1914, art. 4641, only authorizes the court, in cases of separation between man and wife, to give the custody of children to either the father or mother, yet under Const. art. 5, §§ 8, 16, giving the district court general jurisdiction over minors, where the court in a divorce suit determines that neither the father nor mother is a suitable person to have custody and control of a child, it may award its custody to a suitable third person who intervenes and asks for the custody.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 781, 785; Dec. Dig. ⚖═298(1).]

Appeal from District Court, Burnet County; James Flack, Special Judge.

Suit by J. A. Noble against Eua Lacy Noble, in which Kate Lacy intervenes. From a judgment for defendant and intervener, plaintiff appeals. Affirmed.

E. E. Shelley and Allen & Allen, all of Dallas, for appellant. Dayton Moses, of Burnet, and Martin & Martin, of Fredricksburg, for appellee.

RICE, J. This suit was brought by appellant against his wife, Eua Lacy Noble, for divorce, alleging adultery and cruel treatment, and for the custody of their minor child, Ary Lacy Noble, a boy of tender years. Appellee filed a cross-bill, asking for a divorce on the ground of cruelty, alleging various and sundry assaults made upon her by her husband, as well as charges of unchastity, and praying that the custody of the child be awarded, either to herself or to her mother, Mrs. Kate Lacy. Mrs. Kate Lacy, the mother of appellee, intervened, alleging that she was a woman of considerable means; that she was amply able to support and maintain her grandchild, Ary Lacy Noble; that if the court would grant the custody and control of the child to her she would gladly accept such trust; that she would support, maintain, and educate the child out of her own means. The case was tried by the court without a jury, who rendered judgment, granting defendant a divorce and awarding the custody of the child to its grandmother, Mrs. Lacy, from which this appeal is prosecuted.

The action of the court in refusing to strike out Mrs. Lacy's plea of intervention is assigned as error, and presents the principal contention on this appeal. Appellant insists that by statute in this state the jurisdiction in divorce cases relative to the custody of the minor children of the parties is limited to the parents, and that the court must award such custody to one or the other of the parents, citing Vernon's Sayles' Civ. Stats. vol. 3, art. 4641, and Hopkins v. Hopkins, 39 Wis. 167. The article referred to reads thus:

"The courts aforesaid shall have power in all cases of separation between man and wife to give the custody and education of the children to either the father or mother as to the court shall seem right and proper, having regard to the prudence and ability of the parents and the age and sex of the child or children, to be determined and decided on the petition of either party, and in the meantime to issue any injunction or make any order that the safety and well-being of such children may require."

Appellee replies to this contention that under the Constitution of this state (article 5, §§ 8 and 16) the district court is given general jurisdiction over minors, and that, notwithstanding the fact that this may be a divorce case, the court had the right, after determining as it did that neither parent was a suitable person to have the custody of the child, to award it to a third party. While article 4641 is, of course, authority for the proposition that the court would have the right in a divorce case to award to either parent the custody of the child or children, as the case might be, still this article does not, in terms, prohibit the court from granting the custody to any one else, in the event it should determine that neither parent was a proper person to have the custody of such child or children. In addition to the Constitution, appellee cites the following authorities: Rice v. Rice, 21 Tex. 58; Legate v. Legate, 87 Tex. 252, 28 S. W. 281; Ex parte Reeves, 100 Tex. 617, 103 S. W. 478; Long v. Smith, 162 S. W. 25; Ex parte Sams, 161 S. W. 388; Peese v. Gellerman, 51 Tex. Civ. App. 39, 110 S. W. 196; Ward v. Ward, 34 Tex. Civ. App. 104, 77 S. W. 829; State v. Deaton, 93 Tex. 247, 54 S. W. 901; Parker v. Wiggins, 86 S. W. 788; Sturdevant v. State, 15 Neb. 459, 19 N. W. 618, 48 Am. Rep.

349; Speer, Law of Married Women in Texas, § 359, p. 422; Pomeroy's Eq. (3d Ed.) §§ 1303–1307, inclusive.

Under section 8, art. 5, of our state Constitution, original jurisdiction and general control is given to the district court over minors, under such regulations as may be prescribed by law. Notwithstanding this was a divorce case, we think, under the section of the Constitution above quoted, that the court had the authority of its own motion, and in the absence of application therefor (if under the evidence it deemed that neither parent was a proper person to have the custody and control of the children), to award such custody to any suitable person disposed to assume this responsibility. But it is not necessary to go so far in the present case, as Mrs. Lacy, the grandmother, had filed a proper application praying for the custody of the child.

In Rice v. Rice, supra, a proceeding for divorce, Mr. Chief Justice Hemphill held that the court, where the evidence showed that neither parent was entitled to the custody, had authority to remove the children from the custody or guardianship of both parents and award them to their grandfather, saying that the interest of the children and of the public in their morals and education are superior to the claims of the parents and, the latter must yield when they come in conflict.

The cardinal doctrine seems to be that the interest of the child is paramount to all other considerations, and that the rights of parents must in all cases yield to the welfare of the child. See Ball v. Smith, 156 S. W. 576.

It has been held by the courts, in effect, that the minor is the ward of the chancery court, and, even in the absence of pleading raising the question relative to its interest in property therein involved, the chancellor would have the right to make any order that would properly safeguard its rights. See G., C. & S. F. Ry. Co. v. Younger, 19 Tex. Civ. App. 242, 45 S. W. 1030, and cases there cited; also G., C. & S. F. Ry. Co. v. Styron, 66 Tex. 421, 1 S. W. 161.

It is true that it was held in Hopkins v. Hopkins, supra, by the Supreme Court of Wisconsin, that in actions for divorce courts of that state had no authority to take the custody and control of the child from both parents and give it to a stranger, declaring that in such matters the courts only had such power as was conferred upon them by statute. The statute there referred to seems in divorce cases to authorize the court only to award the custody to one or the other of the parents. It is possible that the Constitution of that state did not grant, as ours does, general authority and control over minors to the trial court. At any rate, we are not disposed to follow this decision as against the holding of our own courts in the cases above cited.

On the hearing, counsel for appellant admitted that, if this was a habeas corpus proceeding, the court would have had authority to make the order granting the custody of the child to its grandmother, provided it found that the parents had forfeited their rights thereto. This being true, to avoid a multiplicity of suits, did not the court, in the exercise of its equity powers, have the right in the instant case to make the order, where all the parties were before it? We think so.

Believing that the court did not err in refusing to strike out the plea of intervention, we overrule the first and twelfth assignments, presenting the question.

Numerous assignments question several findings of the court upon which it based its refusal to grant appellant a divorce. All of these have been carefully considered, and we hold that there is evidence to support the finding, for which reason all of these assignments are overruled.

We likewise overrule appellant's several assignments complaining of the findings of the court upon which it based its judgment awarding appellee a divorce, because there is evidence upon which the court had a right to predicate such findings.

After a careful inspection of the record, we find no reversible error in the proceedings of the trial court, and its judgment is therefore affirmed.

Affirmed.