## NORTHCUTT v. NORTHCUTT. (No. 213.)

(Court of Civil Appeals of Texas. Eastland.
Oct. 8, 1926. Rehearing Denied
Nov. 4, 1926.)

Jury ⬉18—In divorce case question of custody of children held for court and not for jury (Const. art. 1, § 15, and article 5, §§ 8, 10; Rev. St. 1925, arts. 4638, 4639).

Defendant in divorce action *held* not entitled to have issue of custody of child submitted to jury under Const. art. 1, § 15, and article 5, § 10; question being for court, in view of Rev. St. 1925, arts. 4638, 4639; Const. art. 5, § 8.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action for a divorce and for the custody of a minor child by L. E. Northcutt against Ethel Northcutt, in which defendant also asked for a decree of divorce and the custody of their child. From a judgment disposing of the custody of the child, defendant appeals. Affirmed.

Scarborough & Wilson, of Abilene, for appellant.

Ben L. Cox and C. L. Hailey, both of Abilene, for appellee.

RIDGELL, J. This suit was brought in the district court of Taylor county by appellee against appellant, in which appellee sued for divorce and for the custody and possession of L. E. Northcutt, Jr., minor child of the parties. The plaintiff in the court below set out in great length various grounds upon which he claimed to be entitled to a decree of divorce and custody of the child. The appellant, defendant in the court below, answered by general denial, and charged the appellee with certain grounds on which she sought a decree of divorce and custody of the child.

When the court convened in a seasonable time the appellant demanded a jury and paid the fee, and when the cause was called for trial the jury was selected and impaneled to try the cause. After all the evidence had been offered before the jury, the court answered that he was of the opinion that each party was entitled to a decree of divorce from the other party, and both parties agreed that that issue be withdrawn from the jury and for the court to render judgment in the divorce action, but the appellant insisted that as to the issue of the custody of the minor child that that question be submitted to the jury.

The court denied appellant's request and refused to submit the matter to the jury, and proceeded to render judgment granting a divorce and in the same connection disposing of the custody of the child. Appellant filed her motion for new trial and same was overruled by the court, and appeal has been prosecuted to this court.

The sole question is whether the appellant was entitled to a jury trial on issue as to the custody of the minor child. The appellant first directs our attention to Bill of Rights, art. 1, § 15, which reads as follows:

"The right of trial by jury shall remain inviolate. The legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency."

Also, we are directed to article 5, § 10, of the Constitution, which reads as follows:

"In the trial of all causes in the district courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury," etc.

This valuable right of trial by jury is one of the greatest and most blessed securities afforded to free men. It is a landmark in our constitutional guaranties, and the abridgment of same would bring dire results to our form of government. To have the property right

and the liberty passed upon by a jury of one's peers is a privilege born in necessity and nurtured in justice. Article 4639, R. S. 1925, provides that the court shall have power in all divorce cases to give the custody and education of the children to either the father or the mother, as the court shall deem right and proper, etc. Under this statute the authority of the court in granting a divorce to make such orders as to the disposition of the children as may appear proper to the court cannot be questioned, but the question arises, Does the granting of this right to the court do violence to the constitutional rights promised and heretofore quoted herein? Under section 8, art. 5, of our Constitution, original jurisdiction and general control is given to the district court over minors subject to such regulations as may be prescribed and defined by law, and in the case of Noble v. Noble et al., 185 S. W. 318, Judge Rice of the Austin Court of Appeals makes the following statement:

"Notwithstanding this was a divorce case, we think, under the section of the Constitution above quoted, that the court had the authority of its own motion, and in the absence of application therefor * * * to award such custody to any suitable person disposed to assume this responsibility."

It has been held by our courts in effect that the minor is the ward of the chancery court, and even in the absence of pleading raising the question relative to its interest in property therein involved, the chancellor would have a right to make any order that would properly safeguard its rights. Noble v. Noble, supra; G. C. & S. F. Ry. Co. v. Younger, 19 Tex. Civ. App. 242, 45 S. W. 1030; G. C. & S. F. Ry. v. Styron, 66 Tex. 421, 1 S. W. 161.

It is wisely the object of the law that the judgment disposing of the custody of the children will not be final and conclusive adjudication, preventing subsequent proceedings for the custody of the minor where circumstances and conditions have changed. Ex parte Garcia (Tex. Civ. App.) 187 S. W. 410; Legate v. Legate, 87 Tex. 248, 28 S. W. 281; Ex parte Will Reeves, 100 Tex. 617, 103 S. W. 478. This is based upon the Christian and cardinal doctrine that the interest and future of the child is paramount to all other considerations and that the rights of the parents must yield to the welfare of the child. Ball v. Smith (Tex. Civ. App.) 156 S. W. 576. Under article 4638, R. S. 1925, the court is granted certain authority in ordering a division of the estate of the parties. In construing above article, it has been held that the trial court in awarding a decree of divorce may lawfully decree that the use and occupancy of the community homestead be given to the wife and minor children. Smith v. Smith (Tex. Civ. App.) 200 S. W. 1129.

We can understand the wisdom of the Legislature clothing such power and authority in the court, the same being based upon the theory, no doubt, that the trial court would be further removed from sentiment and sympathy and would better and more wisely look only to the welfare of the child in disposing of the custody. This was the further undoubted reason why the district court was chosen and given supervision and authority by the Constitution over minors.

While it is conscientiously insisted by appellant's attorneys in brief and able argument that this denial of trial by jury was an abridgment of a constitutional right and not supported by any authority in this state, we believe that our conclusion is supported by the case of Kentz v. Kentz (Tex. Civ. App.) 209 S. W. 200. In the Kentz Case the question of the custody of the children was submitted to a jury, and the jury found that the mother was the proper custodian, but the trial court at the same term of court, in the face of the findings, awarded the custody of the children to the father, and the court says, "The determination of the custody of the children was one for the decision of the court, and not the jury, and the verdict of the jury was not necessary on such issue, and is to be regarded as merely advisory," citing Wright v. Wright, 50 Tex. Civ. App. 459, 110 S. W. 159, in support of the holding. We regard the two last cases cited as holding that in a divorce case the matter of the custody of the children is with the court and not a question for the jury.

Since the trial of this cause in the district court in the case of Conyer et al. v. Burckhalter et al. (Tex. Civ. App.) 275 S. W. 606, the Dallas court in an opinion by Justice Vaughan held:

"A habeas corpus proceeding to determine the custody of a child is in all respects a civil case to be governed by the rules of procedure applicable to any other civil action, including right of trial by jury."

On account of being in seeming conflict with the holding in the Conyer Case, we have hesitated announcing this decision awaiting the results in the Supreme Court in said cause. In 285 S. W. 606, in an opinion by Justice Nickels, of the Commission of Appeals, with the approval of the Supreme Court, the jurisdiction of that appeal was questioned on account of the removal of the minor from the state of Texas. Since it seems that the Supreme Court may not pass upon this question, we are persuaded to follow the cases cited in our opinion and adhere to our conviction. In the Conyer Case the Court of Civil Appeals at Dallas does not overrule or refer to the former opinion of our Court of Civil Appeals sustaining the proposition that the custody of children is a matter for the court and not a jury question.

Again there is this distinction between the Conyer Case and this. The Conyer Case was a separate suit over the custody of the child, and did not involve the custody as between

parents to be awarded in a divorce case. In that case the controversy was mainly a question as to the parentage of the child, and, where different parties are claiming the parentage, the right of jury trial of such issues might be secured, but if article 4639, Revised Statutes of 1925, is not unconstitutional, then it is evident that this authority to dispose of children in a divorce suit is conferred upon the court.

We confess it is a serious question as to whether or not this statutory right given to the court is an abridgment of a constitutional right. We believe, however, that under section 8, art. 5 of the Constitution that said statute does no violence to constitutional rights, and that there is full authority for the Legislature to clothe the court with such exclusive authority. Anyhow we would hesitate long before declaring unconstitutional a solemn statute of the state of Texas and one which has stood out so long with the approval of our courts.

Believing that this article of the statute giving to the district court in divorce cases the authority to make disposition of the custody of the children is not violative of the Constitution providing for trial by jury when demanded, and, under the authorities cited and for the reasons given, it is our judgment that this cause should be affirmed.