HATTIE LEGATE, BY NEXT FRIEND, V. R. A. LEGATE.

No. 177.

1. Jurisdiction of District Courts—Habeas Corpus.

    Under the present Constitution the District Courts have jurisdiction to issue the writ of habeas corpus at instance of the parent complaining that his infant child is illegally withheld from him; and has also the power in such proceeding to decide to whom the custody of the child rightfully belongs.. 251

2. Habeas Corpus—When a Civil Action.

    Where a father and mother, having released the custody of their infant daughter to another, and subsequently desiring to resume the custody, secure the writ of habeas corpus to that end, such proceeding is a civil case of which the Courts of Civil Appeals have jurisdiction on appeal.................. 251

3. Same—Criminal or Civil Proceeding.

    If in the proceeding by habeas corpus it appears that the applicant is restrained by reason of his supposed violation of some criminal law or quasi-criminal law (as an offense against the person or contempt of court), then the proceeding must be classed as a criminal case; but if such person is not restrained by reason of some supposed violation of law, then the proceeding must be classed as a civil case ....................................... 251

4. Parent's Custody of Child.

    The law recognizes the parent as the natural guardian of and entitled to the custody of the minor child so long as he discharges the obligations imposed upon him, by social and civil law, of protecting and maintaining his offspring. It does not recognize a property interest in the child, but accords to the parent the benefit of the child's services during minority, etc....... 252

5. State's Power over Child.

    The State, as the protector of organized society, is interested in the proper education of the child, * * * and it has the right, in proper cases, to deprive the parent of the custody of his child when demanded by the interests of the child and of society. And when the existing facts confer upon the child rights to personal advantage as to moral, mental, and physical culture, the child can not lawfully be deprived thereof................. 252

6. Status of Child as Against Custody of Parent.

    While a contract yielding the custody of the child by a parent can not be enforced, yet it is not void; the new relation between the child and the adopting father is not unlawful; and when the parent seeks to retake control of his child, as a matter of law the child is entitled to the benefit of that home and environments which will best promote its welfare. Which of two homes offered the child is best is matter of fact to be determined from the evidence tending to throw light upon the two homes and the people inhabiting them, including their entire connection with, affection for, and present and future ability to care for and provide for the child ................,..... 253

CERTIFIED QUESTIONS from the Court of Civil Appeals for Fifth District, in an appeal from Grayson County.

*H. P. Teague*, for plaintiff in error.—1. An instrument executed by the parents of a minor child purporting to surrender and transfer to

another their right to the custody of such child is void, and passes no right against its parents.    Byrne v. Love, 14 Texas, 81; Cook v. Bybee, 24 Texas, 278; Taylor v. Deseve, 81 Texas, 246; Weir v. Morley, 12 S. W. Rep., 798; Hurd on Hab. Corp., 2 ed., 540–543.

2.  The adoption of a child of another does not affect the rights of the parents to its custody.  Rev. Stats., art. 1; Eckford v. Knox, 67 Texas, 200; Taylor v. Deseve, 81 Texas, 246.

3.  The law gives the custody of the child to its parents, and in a contest with any other claiming such custody the presumption of law is that the best interests of the child require that it shall be in the custody of its parents, and they will be entitled to recover their child unless such presumption is overcome by plain and ample proof.

*Decker & Harris,* for defendant in error.—1.  Instruments of writing executed by the parents of a minor purporting to transfer and surrender to another person their rights as guardian and the custody and control of such minor, though void, are not to be ignored by the courts in passing upon such questions, but are to be considered for the purpose of shedding light upon the actual feelings towards the infant, and of assisting the court in the exercise of its discretionary powers.  And though such instruments be void in law, they will be considered by courts of equity where the minor has received and will receive material benefits by reason of the renunciation of such rights by the parents and the surrender of possession of such minor, when it is understood that in consideration of the benefits to accrue to the minor such third person is to exercise control over and retain possession of said minor, and the parent has expressly or impliedly acted upon such condition.

2.  Where the parents of a minor, for certain material benefits to be received by the said minor, agree to deliver the minor into the care, custody, and possession of a third party, and the parent has expressly or impliedly acted upon such condition, such parent can not at a future time disturb such arrangement when beneficial to the minor. Byrne v. Love, 14 Texas, 81; Cook v. Bybee, 24 Texas, 278; 9 Am. and Eng. Encyc. of Law, 244–248, and cases cited; Weis v. Marley, 12 S. W. Rep., 798; Matter of Dowles, 8 Johns., 328; Kerwin v. Wright, 59 Ind., 369; The Commonwealth v. Dougherty, 1 Leg. Gaz. Rep., 63; In re Scarrett, 76 Mo., 565; The State v. Bratton, 15 Am. Law Reg. (N. S.), 359; Green v. Campbell, 34 Cent. Law Jour., 216; Washaw v. Gimble, 7 S. W. Rep., 389.

3.  While the act of adoption alone under the laws of Texas does not give to such person so adopting a minor the right to the custody and control of the minor so adopted, where it is expressly stated that the adoption of such minor and giving to it the legal rights of an heir at law is made in consideration that the parents of such minor are to surrender the care and custody of such child to the person adopting it,

and the child would thereby receive substantial benefits, such person would be entitled to the possession of said child, unless it is clearly shown that he is an improper and unfit person to exercise control over said child, and that it would be to the best interest of the child to restore it to the custody of its parents; and under such conditions the parents can not be heard to deny their acts relinquishing the custody of the child to such third person to the detriment of the child; and where the custody of such child has been voluntarily surrendered under such an agreement, in a suit for the custody of the child on behalf of such parents the court, in passing upon the rights of the respective parties and disposing of the custody of the child, will look to the future interest and well-being of such minor, and not to the rights of the parents. Byrne v. Love, 14 Texas, 81; Cook v. Bybee, 24 Texas, 278; 9 Am. and Eng. Encyc. of Law, 244–248, and cases cited; Weis v. Morley, 12 S. W. Rep., 798; Washaw v. Gimble, 7 S. W. Rep., 389; Matter of Dowles, 8 Johns., 328; Kerwin v. Wright, 59 Ind., 369; The Commonwealth v. Dougherty, 1 Leg. Gaz. Rep., 63; In re Scarrett, 76 Mo., 565; The State v. Bratton, 15 Am. Law Reg. (N. S.), 359: Green v. Campbell, 34 Cent. Law Jour., 216.

DENMAN, ASSOCIATE JUSTICE.—In this cause the Court of Civil Appeals for the Fifth Supreme Judicial District has certified to this court for decision the following questions, to wit:

"1. Where the father and mother have voluntarily relinquished the custody of their infant daughter to another, and desire to resume the custody of the child, has the District Court, under our amended Constitution, upon the application of the father as next friend of the child, jurisdiction to issue the writ of habeas corpus, and to determine in that proceeding to whom the custody of the child rightfully belongs?

"2. Is such proceeding by habeas corpus a civil case, within the meaning of the Constitution and statute conferring jurisdiction upon this court, of which this court can take jurisdiction on appeal?

"3. Where the father and mother have, by written agreement, fully and finally relinquished their right to the custody of their infant daughter, three months old, in favor of another, at a time when the mother was unable to give proper attention to the child on account of illness from which she was expected to die; and the child has been formally adopted by the person to whom such custody was given; and where, on habeas corpus trial, it is shown that the person having custody of the child is in every respect qualified to care for the child and provide for it; and it is also shown that the father and mother are also qualified in every way to care for and raise the child; should the child, after it had been cared for tenderly and lovingly for nearly two years by its foster-parents, be taken from their custody and given over to the custody of the natural father and mother?"

The Constitution of 1876, article 5, section 8, declared, that the district "courts and the judges thereof shall have power to issue writs of habeas corpus in felony cases, mandamus, injunction, certiorari, and all writs necessary to enforce their jurisdiction." This clause expressly conferred and impliedly limited the jurisdiction of the District Court in the issuance of *original* writs of habeas corpus to felony cases, such limitation resulting from the use of the words, "in felony cases." Said section of the Constitution as amended and now in force uses the exact language above quoted, with the exception of the words, "in felony cases," which are omitted.

This omission evidences a purpose of conferring upon the District Court jurisdiction to issue original writs of habeas corpus in all cases where such writs are proper remedies under the established rules of law, whether such cases be of a civil or criminal nature. The writ of habeas corpus has long been resorted to as the proper proceeding in order to determine whether a minor is unlawfully restrained of his liberty; and when by means of such writ a minor of such tender years as to be lacking in discretion has been brought before the court, it has not only inquired into and relieved against the unlawful restraint, if any, but has in addition, or perhaps as a necessary incident, determined to whom the custody of the minor rightfully belonged. We therefore answer in the affirmative both propositions involved in the first question above.

Under the present Constitution and laws, appeals from the District Court lie, in civil cases, to the Court of Civil Appeals, and in criminal cases to the Court of Criminal Appeals. It is therefore important, in case of appeal from a judgment of a District Court in a habeas corpus proceeding, to determine whether the case be of a criminal or civil nature, in order to make the appeal returnable to the proper court. The purpose of the writ of habeas corpus is to inquire into and remove any unlawful restraint upon the liberty of a person.

If in this proceeding it appears that such person is restrained by reason of his supposed violation of some criminal law or quasi-criminal law, as an offense against the person or contempt of court, then the proceeding must be classed as a criminal case, although upon the whole case the court should be of opinion that the act for which such person is detained does not constitute a violation of such law, or that the evidence is totally insufficient to establish the act, or that the supposed law does not exist or is void; but if such person is not restrained by reason of some supposed violation of law, then the proceeding must be classed as a civil case. It is the *cause* of restraint which determines whether the proceeding to *remove* the restraint be a criminal or civil case. It results from the above that we must answer in the affirmative the second question of law above propounded.

The law recognizes the parent as the natural guardian of and entitled to the custody of his minor child so long as he discharges the obligation, imposed upon him by social and civil law, of protecting and maintaining his offspring. It does not, however, recognize in him any property interest in his child, but merely accords to him the benefits resulting from the child's services during minority and such probable benefits as may result to him thereafter, in return for the tender care, the anxious solicitude, and the physical, mental, and moral training.bestowed by the parent, as well as the pecuniary and social benefits derived by the child from the parent.

The State, as the protector and promoter of the peace and prosperity of organized society, is interested in the proper education and maintenance of the child, to the end that it may become a useful instead of a vicious citizen; and while as a general rule it recognizes the fact that the interest of the child and society is best promoted by leaving its education and maintenance, during minority, to the promptings of paternal affection, untrammeled by the surveillance of government, still it has the right in proper cases to deprive the parent of the custody of his child when demanded by the interests of the child and society.

The one most vitally interested, however, in its custody during the formative period of its character is the one whose present and future happiness and tendencies towards good or evil will be most affected by its early environments, and its physical, mental, and moral training— the child itself. The right of the parent or the State to surround the child with proper influences is of a governmental nature; while the right of the child to be surrounded by such influences as will best promote its physical, mental, and moral development is an inherent right, of which, *when once acquired*, it can not be lawfully deprived. Ordinarily the law presumes that the best interest of the child will be subserved by allowing it to remain in the custody of the parents, no matter how poor and humble they may be, though wealth and worldly advancement may be offered in the home of another. Where, however, a parent, by writing or otherwise, has voluntarily transferred and delivered his minor child into the custody and under the control of another, as in the case at bar, and then seeks to recover possession of the child by writ of habeas corpus, such parent is invoking the exercise of the equitable discretion of the court to disrupt private domestic relations which he has voluntarily brought about, and the court will not grant the relief, unless upon a hearing of all the facts it is of opinion that the best interests of the child would be promoted thereby. It is sometimes said that such a voluntary transfer is "void," or that it is "contrary to public policy," but the cases using such language show that it is not used in an absolute sense, but in the sense that such transfer is no impediment to the action of the court in determining what is

best for the interest of the child. The law does not prohibit such a transfer, but on the contrary allows the child to reap the benefit thereof when it is to its interest so to do.

The attempted transfer is not a contract and can not be enforced as such, because neither the *child* nor its *custody* was a *subject matter* of contract. The fact that in pursuance of this attempted contract the parents delivered the child to appellee and appellee received the same for a lawful purpose, new domestic relations thereby being formed for the child, renders the possession by appellee of the child prima facie lawful.

The parents on the one hand offer to take back their child to the family circle from whence they voluntarily allowed it to be taken nearly two years since, at the tender age of three months; and on the other hand its foster-parents insist upon its remaining, with all the privileges of an adopted child, in the home where it has been tenderly and lovingly cared for through the critical period of infancy. Two homes are thus offered the child, who is in nowise responsible for this unfortunate controversy, and has not sufficient discretion to select. We hold, as a matter of law, that it is entitled to the benefit of that home and environments which will probably best promote the interest of the infant. The question as to whose custody will be most beneficial to the infant is one of *fact* of which this court has no jurisdiction, but which is to be determined in the first instance by the District Court upon hearing all the evidence tending to shed any light upon these two homes and the people inhabiting them, including their entire connection with, affection for, and present and future ability to care and provide for this little girl, in order that the court may be able to determine upon the whole case the difficult question of fact above stated.

Since the third question above propounded by the Court of Civil Appeals does not find or state the question of fact as to whose custody would be to the best interest of the infant under the evidence, we can not answer the question either in the affirmative or in the negative.

The following authorities discuss the rules applicable to cases of this nature: Wood on Mandamus, Prohibition, Certiorari, Habeas Corpus, and Quo Warranto, 2 ed., 1891, pages 134, 135, and cases cited; Church on Habeas Corpus (1884), chap. 31, p. 57, et seq.; Byrne v. Love, 14 Texas, 81; Cook v. Bybee, 24 Texas, 278; Taylor v. Deseve, 81 Texas, 246; 8 Johns., 338; 76 Mo., 565; Washaw v. Gimble (Ark.), 7 S. W. Rep., 389; 35 Am. Dec., 664; 20 Am. Dec., 329; 18 N. J. Eq., 194; 12 S. W. Rep. (Mo.), 798; 43 Am. Rep., 768; 40 Id., 321; 31 Id., 376; 59 Ind., 369.

Delivered October 29, 1894.

BROWN, Associate Justice, did not sit in this case.