## BROWN et al. v. COFFMAN et ux.

### No. 11057.

Court of Civil Appeals of Texas. Dallas.

Nov. 5, 1932.

George Hagans, of Denison, for appellants.

J. H. Randell, of Denison, and Randell & Randell, of Sherman, for appellees.

VAUGHAN, J.

This is an appeal from a judgment rendered in the habeas corpus proceedings brought by appellants Babe Auburg Brown joined by her husband, Robert A. Brown, against appellees, T. F. Coffman and wife, Minnie Coffman, on February 2, 1931, for the possession, care, and custody of Peggy Irene Auburg, the minor daughter of said Babe Auburg Brown. As to the pleadings of the parties, we find it only necessary to state that all of the issues determined by the trial court were amply and well presented, and are fully reflected in the findings of fact by the trial court, same being adopted as the findings of fact by this court. The writ of habeas corpus was issued by the court on February 4, 1931, and the case tried without a jury on February 10, 1931, judgment on said date being rendered in favor of appellees; the personal care, custody, and control of said minor child being awarded to them. On request, the court duly made and filed his findings of fact and conclusions of law, as follows:

### "Findings of Fact.

"1. Peggy Irene Auburg, a girl, now about years of age, was born out of wedlock at the Barachah Home, at Arlington, Texas, March 25th, 1926.

"2. That Babe Auburg Brown, proponent, is the lawful mother of the said Peggy Irene Auburg.

"3. That the said Babe Auburg Brown (appellant) voluntarily abandoned said child when it was of the age of six months, and left it to the care of others for a period of more than three years, and that she voluntarily left it to be cared for by charity for a period of more than three years.

"4. That said child was taken for the purpose of adoption by the direction and with the consent of the mother, in good faith, by respondents (appellees) T. F. Coffman and wife, Minnie Coffman, from the said Barachah Home on the 28th day of Jany. 1928, and has remained in their care as their child at their home, to the present time.

"5. That on the 2nd day of February, 1931, respondents (appellees) legally adopted said child, as their legal heir in good faith and have provided it with a good home, and given it their love and proper care and training.

"6. That said child' loves its adoptive parents as its true parents, and knows no other parent. That the said lawful mother never saw said child after it was six months of age until a few days before the trial of this cause, but returned to the home of her parents at Brownfield, Texas, where she now lives and refused to give the child a home.

"7. That respondents are better able to care for and educate said child than proponents, and that it is to the best interests, welfare and happiness of said child to remain as it is with its adoptive parents.

### "Conclusions of Law.

"1. Because of the voluntary abandonment of said minor child by its lawful parent and the leaving of it to be cared for by charity and others for a period of more than three years; and because of the adoption of said child after that time in good faith by respondents, as a matter of law, they are now legally entitled to the parental care, custody, control and possession of said child, and proponents are now estopped from claiming her, and have no legal right to her possession and care."

We think the judgment of the trial court should be affirmed, because (a) the parent of the child voluntarily deserted the child for more than three years; (b) appellees legally adopted the child as their heir; and (c) as found by the court, it is to the best interest of

the child that she remain with appellees. Articles 42, 43, and 44, R. C. S.; Davis v. Sears (Tex. Com. App.) 35 S.W.(2d) 99, 100; Tunnell v. Reeves (Tex. Com. App.) 35 S.W.(2d) 707; Duckworth v. Thompson (Tex. Com. App.) 37 S.W.(2d) 731; Legate v. Legate, 87 Tex. 248, 28 S. W. 281.

The father of the child is not appellant Robert A. Brown; the natural parent of the child being Babe Auburg Brown. We think it well to state that this cause arose and was determined before title 3, R. C. S. 1925, known as our adoption statute, was repealed by Acts of 1931, 42d Legislature, p. 300, c. 177, § 11, and an entirely different statute adopted, known as the "Adoption of Minor Children," which became effective ninety days after May 23, 1931, the date of the adjournment of the Forty-Second Legislature (Vernon's Ann. Civ. St. art. 46a).

The judgment of the trial court is in all things affirmed.

Affirmed.