### TURNER v. TURNER et al.

No. 2856.

Court of Civil Appeals of Texas. Beaumont.

Dec. 12, 1935.

Gilbert T. Adams, of Beaumont, for appellant.

Fletcher S. Jones, of Beaumont, for appellees.

WALKER, Chief Justice.

This was an action by Mrs. Anna Mae Turner, appellant, against James G. Turner, appellee, for divorce and for the care and custody of twin 'boys, born to their marriage on the 5th of July, 1929, with general prayer "that proper and suitable provision be made for their support and maintenance." Appellee answered, admitting "that many of the matters set forth in plaintiff's suit for divorce are true, and that she is entitled to a divorce"; he denied her right to the custody of the children, and prayed that they be awarded to his father and mother, Mr. and Mrs. E. E. Turner. Mr. E. E. Turner intervened, praying for the custody of the two children. On trial to the court without a jury, judgment was entered, denying the divorce and awarding the care and custody of the children to the intervener. The mother, plaintiff below, has duly prosecuted her appeal to this court.

■ The court erred in refusing appellant a divorce. The testimony convicted appellee of drunkenness, of gambling, and of adultery while he and appellant were living together as husband and wife. Appellee admitted that, at one time, he struck appellant; he neglected her and the children and his home; though he made reasonably good wages, he threw his money away and was compelled to look to his father and mother for a substantial part of the necessary funds for the support of his family. On submission in this court, appellant contended for her divorce and, in reply, appellee, through his counsel, conceded that she was entitled to a divorce on the testimony developed in the lower court. On a careful review of the statement of facts we have concluded that appellant should be granted her divorce, and it is so ordered.

■ Appellant also assigns error against the judgment of the court refusing her the custody of her children. There is not in the entire statement of facts of 72 pages a whisper from appellee, or his father or mother, or from any other witness in criticism of appellant's morals. The evidence was affirmatively to the effect that she was a young woman, in good health, of good morals, but with no financial resources, and, though employed as a waitress, she was making only $7 per week. The other testimony on her ability to support her two children may be summarized as follows: She has one sister whose husband is making $500 per month, and has substantial investments; this sister testified that she would be willing to make a contribution to the support of appellant and these two little boys. Appellant has two other sisters, of very limited resources financially, who testified that they would contribute to the support of these children. Appellee's father and mother, as shown by this record, are very excellent people and well able to give these two boys everything that money could buy for them. The grandmother, Mrs. E. E. Turner, testified that if the court awarded the children to appellant she "would certainly help her with their support." The testimony was further to the effect that appellee himself is regularly employed on a salary of $125 a month.

Appellant testified that she wanted her two sons and that she could make them a living. Though the two children were awarded the grandfather, E. E. Turner, both of them are not in his home. Mr. and Mrs. E. E. Turner, the grandparents, have only one of the boys in their home. The other boy is in the home of one of their friends about four miles from the Turner home. The grandmother is 45 years old. Though the court awarded her and her husband the custody of the two boys, she gave in her testimony the following explanation for keeping only one of them:

"Q. The reason you are not keeping both of these children is that you couldn't really do it? A. I really could, but it just isn't my desire; I have fairly good health and if I was willing to put up with that extra work and confusion of the children all the time—

"Q. But under the present conditions you feel that you shouldn't take both of the children? A. I would take both of

them; if this friend of mine didn't take care of them as they should be, I would. And I am going to see that they are taken care of."

She testified further that she was paying her friend $8 per month to look after this little boy.

We have concluded that appellant should have her two sons and that their best interest will be served by awarding her their care and custody. True, she is a very poor woman financially, but her poverty is not a bar to her rights as their mother. As reflecting the law of these facts, we quote as follows from the authorities:

In 31 Texas Jurisprudence page 1294, the rule is stated as follows: "The mere fact that a parent is not as well able to give to the child the comforts and advantages which other persons might give does not deprive him or her of the right to custody. As has been well expressed 'Poverty short of want and wealth above requirements of ordinary comfort may equally be a blessing or a curse in relation to the welfare of children as in respect to the life of adults.' At least within the median range, there is utter rejection of available worldly possessions as a measure of a child's welfare or as the test of a custodian's worth."

And in note 17 citing Futch v. Futch (Tex.Civ.App.) 299 S.W. 289, it is stated as follows: "The natural affection between a child and its parents constitutes a strong impulse towards good conduct and correct living; it is superior to wealth, honor or power."

And again, the Supreme Court in Legate v. Legate, 87 Tex. 248, 28 S.W. 281, 282, while discussing the question of custody of the child, ruled as follows: "Ordinarily, the law presumes that the best interest of the child will be subserved by allowing it to remain in the custody of the parents, no matter how poor and humble they may be, though wealth and worldly advancement may be offered in the home of another."

Again, in Greenlaw v. Dilworth, 299 S.W. 875, 881, the Supreme Court ruled: "But the presumptions noticed mean that in general the child's welfare and the parent's fitness commonly rest in the natural relation which may not be disturbed save by that rebuttal which exhibits positive disqualification of the parent."

The judgment of the lower court is reversed, and judgment here rendered in favor of appellant in the following respects: (a) She is granted her divorce against appellee; (b) she is awarded the care and custody of the two minor boys, Edward and Everett Turner. On the issue of the support and maintenance of the two minor boys as a charge against appellee, this cause is remanded to the trial court, with instructions that an order be entered requiring him to make suitable contributions for their support. Reversed and rendered in part; reversed and remanded in part, with instructions.