Evangeline BENAVIDEZ, Appellant,

v.

Maria VARGAS (Reyna), Appellee.

No. 13113.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 27, 1957.

Robert Fagan, Corpus Christi, for appellant.

Terry, Martin & Bonilla, Corpus Christi, for appellee.

BARROW, Justice.

This is a suit instituted by writ of habeas corpus by appellant, Evangeline Benavidez, the natural mother of Norma Tullos, a minor, to have the custody of said minor placed in appellant and to have the child removed from appellee, Maria Vargas. The trial court after a hearing awarded the custody of said minor child

to appellee, respondent below. This appeal is from that judgment.

Norma Tullos (also known as Teresa Reyna) is the child of Evangeline Benavidez, and was born out of wedlock when appellant was sixteen years old, the birth date being January 30, 1952. The child has been in the home of Maria Vargas and taken care of and supported by her and her alleged common-law husband, Manuel Reyna, since the child was five months old, having been voluntarily placed there by appellant. In July, 1952, the appellant by written instrument surrendered the care, custody and control of said minor to Manuel Reyna and wife, Maria Vargas Reyna (appellee), and in said instrument consented that they might adopt said child.

▪ The evidence in the case is quite voluminous and no good purpose could be served by lengthy citation therefrom. The record shows that during the time Norma has been in the home of appellee strong ties of affection have grown between them, and that appellee has provided for the wants and needs of the child in the same manner as if she were her own child. The record further shows that while both parties are of modest means, the appellee is in far better position to provide and care for said child. On the other hand, it appears that appellant never, at any time prior to 1955, has tried to regain custody of her child, that at the time of the trial she was employed as a domestic, and prior thereto had worked in bars and restaurants. If she regains custody of her child, she plans to move to the tenant home of her father and stepmother, who will assist in the rearing of the child. Appellant's father has never helped her since the birth of her child and her stepmother is in very bad health. The record further reflects that at the time of the trial appellant had theretofore been married to a man named Benavidez, but had separated from him.

In the early case of Legate v. Legate, 87 Tex. 248, 28 S.W. 281, 282, the Supreme Court, speaking through Judge Denman, said:

"The law recognizes the parent as the natural guardian of, and entitled to the custody of, his minor child, so long as he discharges the obligation imposed upon him by social and civil law, of protecting and maintaining his offspring. It does not, however, recognize in him any property interest in his child, * * *."

In this case Judge Denman further said:

"Where, however, a parent, by writing or otherwise, has voluntarily transferred and delivered his minor child into the custody and under the control of another, as in the case at bar, and then seeks to recover possession of the child by writ of habeas corpus, such parent is invoking the exercise of the equitable discretion of the court to disrupt private domestic relations which he has voluntarily brought about, and the court will not grant the relief unless, upon a hearing of all the facts, it is of opinion that the best interest of the child would be promoted thereby."

▪ The right of the natural parent to the custody of his child arises not from any property right but from the law's regard for the child's welfare. The law presumes that the child's welfare is best served by its custody being given to its parent. This presumption, however, is not conclusive and may be overcome. The burden of proof is upon the party seeking to overcome the presumption. Legate v. Legate, supra; State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901; Dunn v. Jackson, Tex.Com.App., 231 S.W. 351; Duckworth v. Thompson, Tex.Com.App., 37 S.W.2d 731; Hustace v. Black, Tex. Civ.App., 191 S.W.2d 82; Clayton v. Kerbey, Tex.Civ.App., 226 S.W. 1117 (writ ref.). We believe that the appellee has discharged the burden of proof. The judgment is affirmed.