

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

Affirmed by *M-1085*

November 25, 1958

Honorable John H. Winters
Commissioner
State Department of Public
    Welfare
Austin 14, Texas

Opinion No. WW-524

Re: Whether the Department of
    Public Welfare may make
    payments to a general
    guardian of the person of
    the ward, or to the natur-
    al guardian of the ward;
    and related questions.

Dear Mr. Winters:

In your letter of September 19th, you requested our opinion on the following questions:

". . . Could the Department legally make the payment to the guardian of the person if the Letters of Guardianship show either of the following conditions:

"1.    That 'Richard Roe was by said Court duly appointed guardian of the person of John Doe, a person of unsound mind'; or

"2.    That 'Richard Roe was by said Court duly appointed guardian of the person of John Doe'."

By supplement dated September 29th, you asked our opinion on the following questions in the event it was determined that a guardian of the person only may receive and expend public assistance funds. Such questions are:

"1.    In the Aid to the Permanently and Totally Disabled Program there are many minor applicants who are permanently and totally disabled either by reason of a physical disability or a mental impairment. Can the natural parents of these minor applicants file application, receive assistance funds, and expend the assistance funds on behalf of these minor children as their natural guardian without any kind of a court proceeding?

"2.   If your answer to the foregoing question is in the affirmative, then can this be extended so that the natural parent of the mentally retarded or incapacitated adult child can act as the natural guardian to receive and to expend the funds without any kind of a legal appointment or court proceeding?"

H. R. 13549, 85th Congress, Second Session (Public Law 85-840) amended Section 511 (a), Title XI of the Social Security Act by adding a new Section 1111.

"Sec. 1111.  For purposes of titles I, IV, X, and XIV, payments on behalf of an individual, made to another person who has been judicially appointed, under the law of the State in which such individual resides, as legal representative of such individual for the purpose of receiving and managing such payments (whether or not he is such individual's legal representative for other purposes), shall be regarded as money payments to such individual."

"(b)   The amendment made by subsection (a) shall be applicable in the case of payments to legal representatives by any State made after June 30, 1958; and to such payments by any State made after December 31, 1955, and prior to July 1, 1958, if certifications for payment to such State have been made by the Secretary of Health, Education, and Welfare with respect thereto, or such State has presented to the Secretary a claim (and such other data as the Secretary may require) with respect thereto, prior to July 1, 1959."

This amendment authorized a judicially appointed legal representative of an individual receiving Old-Age Assistance, Aid to the Blind, Aid to Dependent Children, or Aid to the Permanently and Totally Disabled, to receive and expend assistance payments on behalf of an individual, even though such legal representative is not that individual's legal representative for other purposes.

You state that you are satisfied that the Department may legally make assistance grants on behalf of the individual if the guardianship is:

1.  A general guardianship of the person and estate;

2.  A general guardianship of the estate; or

3.  A guardian for a person for whom it is necessary to have a guardian appointed to receive funds from a governmental agency.

As we interpret your requests, you are concerned with your authority in relation to a guardian of the person of the ward and a natural guardian of the ward.  This opinion will be so limited.

The Probate Code devolves a duty upon the guardian of the person of a ward to provide for the ward's care, maintenance and education.

Section 229 of the Probate Code sets out these duties and obligations as follows:

"The guardian of the person is entitled to the charge and control of the person of the ward, and the care of his support and education, and his duties shall correspond with his rights. It is the duty of the guardian of the person of a minor to take care of the person of such minor, to treat him humanely, and to see that he is properly educated; and, if necessary for his support, to see that he learns a trade or adopts a useful profession."

Section 236 of the Probate Code reads in part as follows:

"The court may direct the guardian of the person to expend, for the education and maintenance of his ward, a sum in excess of the income of the ward's estate; otherwise, the guardian shall not be allowed, for the education and maintenance of the ward, more than the net income of the estate. . . ."

In our opinion, these sections, when read in connection with Sections 399 and 405, Probate Code, requiring an accounting of the financial affairs of the ward to be filed by the guardian of the person of the ward, clearly establish that such guardians are authorized and obligated to expend for the care, support and maintenance, sufficient amounts from the

ward's estate to accomplish the guardian's statutory duties and obligations, regardless of whether the funds are from public assistance payment or from some other source. Insofar as the Department of Public Welfare is concerned, a guardian of the person of a ward is entitled to receive and expend public assistance payments if he is authorized by a proper court order to so do. It must be pointed out that such payments are not, in legal contemplation, income to the ward, but constitute corpus of the ward's estate. See 21 Tex. Jur. 144, Section 158, and authorities there cited. Therefore, in our opinion, your Department should require the copy of the letters of guardianship evidencing the appointment of the guardian of the person of the ward to be accompanied by an order of the appointing court authorizing such guardian to receive and expend such funds. When a guardian of the person of the ward is authorized by such a court order to expend funds received, the Department may make such payments to him.

When a guardian of the person of a ward has been appointed, the Clerk issues letters of guardianship in accord with Section 185 of the Probate Code, which reads:

"When a person appointed guardian has qualified as such, by taking the oath and giving the bond required by law, if bond be required, the clerk shall issue to him a certificate under seal, stating the fact of such appointment and qualification and the date thereof, which certificate shall constitute letters of guardianship, and be evidence of the authority of such person to act as guardian."

The Probate Code does not require the letters of guardianship to specify the reason for such appointment, nor to state the facts upon which the proceedings were based. In our opinion, there is no difference in letters of guardianship that evidences the appointment of a guardian of the person of "John Doe, a person of unsound mind", and the appointment of a guardian of the person of "John Doe".

Your supplemental request concerns the natural guardian's authority to receive and expend public assistance payments. Section 109 of the Probate Code reads in part as follows:

"(a) Natural guardians. If the parents live together, the father is the natural guardian of the person of the minor children by the marriage. If one parent is dead, the survivor is the natural guardian of the person of the minor children. The natural guardian is entitled to be appointed the

guardian of their estates.  The rights of parents who do not live together are equal; the guardianship of their minor children shall be assigned to one or the other, the interest of the children alone being considered."

"The authority of the natural guardian insofar as the property of the ward is concerned does not extend to general control or management, . . ."  21 Tex. Jur. 136, Sec. 152.

The law does not recognize in the natural guardian any property interest in the child, but merely accords to him the benefits resulting from the child's services during minority period.  _Legate v. Legate_, (1894)  87 Tex. 248, 28 S.W. 281.

Since the natural guardian is given no control or management of the ward's estate or property, in our opinion, the Department would not be authorized to accept a public assistance application from such natural guardian, nor to make payments to him for the benefit of the ward.  The answer to your first supplemental question is no; hence, there is no reason to answer the second supplemental question.

Attorney General's Opinion WW-18 (1957), holding that the guardians there under consideration may not receive public assistance payments, has been superseded by the provisions of House Resolution 13549, above cited.

### SUMMARY

The Department of Public Welfare may make payments to a general guardian of the person of the ward upon proper court order, but may not make payments to the natural guardian of the ward.  Attorney General's Opinion WW-18 (1957) has been superseded.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling
Tom I. McFarling
Assistant

TIM:mfh:zt

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Wm. R. Hemphill

Marietta Payne

Marvin R. Thomas

Ray V. Loftin

REVIEWED FOR THE ATTORNEY GENERAL

BY:  W. V. Geppert