In the Interest of Victor BARRERA and Valentin Barrera, Jr., minor children.

No. 8611.

Court of Civil Appeals of Texas, Amarillo.

Dec. 31, 1975.

Godinez & Abeyta (F. B. Godinez, Jr.), Lubbock, for appellants.

Law Offices of Tom Upchurch, Jr. (Stephen F. Scott, Jr.), Amarillo, for appellees.

ELLIS, Chief Justice.

Juanita Barrera Gonzales, respondent-appellant, brings this appeal from a decree of the district court appointing Fernando Hernandez and wife, Narcisa Hernandez, petitioners-appellees, as managing conservators of two minor children, Victor Barrera, born June 27, 1966, and Valentin Barrera, Jr., born August 16, 1968. The appellant is the natural mother of the children, and the appellees are the parents of the appellant. Affirmed.

In 1970, appellant's husband, the natural father of Victor and Valentin, Jr., was killed as a result of an on the job accident. Shortly after his death, appellant allowed the two children whose custody is in issue to live with appellant's parents, the maternal grandparents of the children.

On July 12, 1974, Juanita Barrera Gonzales made application for a show cause order why Fernando and Narcisa Hernandez should not be ordered to deliver the children to her. On July 19, 1974, Fernando and Narcisa Hernandez filed a petition in the district court seeking a change of custody and their appointment as managing conservators of the children. Respondent answered denying the allegations of petitioners and praying that the children be delivered to respondent. After a hearing, petitioners were appointed temporary managing conservators and respondent temporary possessory conservator. On February 11, 1975, the cause was heard on its merits by the court without a jury. No formal findings of fact or conclusions of law were requested or made. In its decree the trial court found: "that the best interests of the children will be served by appointing the maternal grandparents, . . . as managing conservators, to have all the rights, duties and responsibilities of parents as set out in the Texas Family Code, Sections 12.04 and 14.02, subject to the rights and duties of the temporary possessory conservator." The decree entered by the court is in accordance with this finding. From this decree the appellant has brought her appeal on three points of error.

■ In her first point appellant contends that the trial court erred in disregarding the rule under Tex.Prob.Code Ann. § 109(a) that the surviving parent has the right to managing conservatorship of the children. Section 109 of the Texas Probate Code is entitled "Persons Qualified to Serve as Guardians." The relevant portion of Section 109(a) relied upon by appellant in support of her position provides: "If one parent is dead, the survivor is the natural guardian of the person of the minor children, and is entitled to be appointed guardian of their estates." Even though, after the death of Valentin Barrera, the appellant was issued letters of guardianship of the children by the county court, the guardianship is no impediment to the exercise by the district court of its equity powers in a suit involving the custody of minors. *Thompson v. Doyal*, 209 S.W.2d 425 (Tex. Civ.App., Austin 1948, writ ref'd n. r. e.). Although there is a presumption that a surviving parent is the most suitable person to have custody of minor children, the controlling consideration is the best interest of the children. 44 Tex.Jur.2d Parent and Child § 13, at 38, and cases cited therein. Since the welfare of children is the court's paramount concern and guiding consideration in any contest over the right to custody, this concern and consideration will prevail over any asserted claim of legal right in a party to the controversy. *Legate v. Legate*, 87 Tex. 248, 28 S.W. 281 (1894); *Mumma v. Aguirre*, 364 S.W.2d 220 (Tex. 1963). Appellant's point of error number one is overruled.

■ In her second and third points of error appellant complains of the admission by the trial court of evidence concerning her past conduct to show her present unfitness and of the insufficiency of the evidence to satisfy the burden upon appellees to prove that appellant was unfit to have custody of the children. It is not always necessary in child custody cases that the evidence show the natural parent is unfit, e. g., where the natural parent has voluntarily surrendered possession of the child to another which possession continued for a substantial period of time. *Herrera v. Herrera*, 409 S.W.2d 395 (Tex.1966); *Guillott v. Gentle*, 467 S.W.2d 521 (Tex.Civ. App., Eastland 1971, writ ref'd n. r. e.). As stated in *Herrera*, "The legal custody of a minor is in the parents or the surviving parent, *unless* there has been a court adjudication awarding the legal custody to a third party." 409 S.W.2d, at 396. The court further stated that under circumstances of voluntary surrender of possession continued for a substantial period of time, a court may terminate the custody rights of the parent when it is in the best interest of the child to do so.

■ In determining the best interests of the child the court must consider the circumstances of the parents. Tex. Family Code Ann. § 14.07(b). It is recognized that there is a presumption that the interests of a child are best served when custody is awarded to the natural parents. However, this presumption is rebuttable. *Legate v. Legate*, supra. As stated in *Legate*:

> "Where, however, a parent, by writing or otherwise, has voluntarily transferred and delivered his minor child into the custody and under the control of another, as in the case at bar, and then seeks to recover possession of the child by writ of habeas corpus, such parent is invoking the exercise of the equitable discretion of the court to disrupt private domestic relations which he has voluntarily brought about, and the court will not grant the relief unless, upon a hearing of all the facts, it is of the opinion that the best interest of the child would be promoted thereby. 28 S.W. at 282.

Appellees had the burden of proving that the best interests of the children would be served by depriving appellant, their natural mother, of custody. *Mumma v. Aguirre*, supra. *Taylor v. Meek*, 154 Tex. 305, 276 S.W.2d 787 (1955). However, if there is evidence to support the finding of the trial court as to the best interest of the children its decree must be affirmed. *Bishop v. Bishop*, 359 S.W.2d 869 (Tex.1962).

■ The record reveals that the children have been allowed to live with appellees since shortly after the death of their father in 1970. At the time appellant filed her application for the show cause order, the children had lived with appellees for nearly 4 years since they were less than 4 and 2 years of age, respectively. Testimony revealed that the two children of appellant are happy in appellees' home and that they do not wish to leave appellees' home to live with the appellant. The children receive Social Security benefits as a result of their father's death. It appears that appellees are financially able to care for the children. Further, there was evidence presented relating to the circumstances of the appellant and her present husband, including evidence, both favorable and unfavorable, concerning their conduct and fitness to have custody of the children. The matter of determination of custody is addressed to the sound discretion of the trial court, and the judgment will not be disturbed on appeal unless the award of custody is so contrary to the preponderance of the evidence as to show abuse of discretion. See 44 Tex. Jur.2d Parent and Child § 38, at 63, and cases cited therein.

■ The appellant complains in her brief of the trial court's consideration of a written study ordered by the trial court bearing on the merits of the persons seeking custody and the homes involved. The study was prepared by a public welfare worker for the Texas Department of Public Welfare. The study was introduced by appellees as a "Joint Exhibit," and the trial court directed, "This Joint Exhibit will be marked as one." Also, the court stated: "The record will show this as receipt of Court Exhibit 1." The record does not show that appellant raised any objections whatsoever during the course of the trial to the receipt of the study or as to any aspect thereof, or to the court's announced consideration of such study along with other evidence. The study was dated September 16, 1974, and no complaint was made by the appellant that it was unavailable to her for inspection. Tex. Family Code Ann. § 11.-14(f) provides that when information contained in the report or study is before the court, the person making the study or report is subject to both direct examination and cross-examination. Appellant makes no complaint that Kathy Teague, the public welfare worker who prepared the court study, was unavailable to testify at the trial. The record does not show that she was subpoenaed to appear as a witness. Under these circumstances we do not think appellant can now properly complain of the receipt and consideration by the trial court of the court study. *Matter of A. A. A.*, 528 S.W.2d 337 (Tex.Civ.App., Corpus Christi 1975, no writ). *Erwin v. Erwin*, 505 S.W.2d 370 (Tex.Civ.App., Houston [14th Dist.] 1974, no writ). In *Magallon v. State*, 523 S.W.2d 477 (Tex.Civ.App., Houston [1st Dist.] 1975, no writ), relied upon by appellant in support of her contention that the report was improperly admitted, the record before the appellate court did not contain a copy of the report. The record in that case did not even reflect that the report was formally received into evidence, but only that the trial court considered the report to be part of the record. The Court of Civil Appeals in *Magallon* merely held that if such report is received in evidence in a trial before the court, it will be presumed that the inadmissible portions of the report were disregarded by the trial court. Further, the appellant complains in her brief of the admission of testimony concerning certain criminal charges made against the appellant's husband, Hector Gonzales. However, no objection was made to the admission of such evidence during the trial of the case. In this non-jury trial, we must assume that the trial court disregarded any inadmissible evidence in determining the decree to be entered. *Hosmer v. New York Buyers' Ass'n.*, 258 S.W. 853 (Tex.Civ.App., San Antonio 1924, writ ref'd); *Gray v. Bird*, 380 S.W.2d 908 (Tex.Civ.App., Tyler 1964, writ ref'd n. r. e.); *Day v. Crutchfield*, 400 S.W.2d 377 (Tex.Civ.App., Texarkana 1965, writ dism'd).

The trial court has had an opportunity to observe the personalities of the claimants and to assess the physical, mental, moral and emotional needs of the children. The trial court's judgment in determining the best interests of the child and in awarding custody in accordance with that determination should be reversed only when the record as a whole reveals that the trial court abused its discretion. *Herrera v. Herrera*, supra; *Mumma v. Aguirre*, supra. It is our opinion that the record as a whole does not reveal that the trial court abused its discretion, and that the judgment of the trial court should not be disturbed on appeal. The decree of the trial court is affirmed.