## Ex Parte Will Reeves.

### No. 1691. Decided June 19, 1907.

**1.—Jurisdiction—County and District Courts—Custody of Minor—Constitution.**

The Constitution confers upon the District Courts the original jurisdiction over the custody of minors exercised generally by courts of equity (Const., art. 5, sec. 8); and upon the County Courts no control over minors or their estates save as wards of guardians appointed by them. (Pp. 621–623.)

**2.—Same—Statute—Rescuing Minor from Custody.**

The control over the custody of children attempted to be conferred on the County Court by articles 3502a, 3502b, Revised Statutes, is not authorized by the Constitution, which places it in the District Courts.   (P. 623.)

**3.—County Court—Appeal—Order in Chambers.**

The right of appeal from the County Courts to Courts of Civil Appeals, extends only to final judgments of the County Court, and not to an order of the judge in chambers and not at a term of such court (Rev. Stats., art. 1383).   (P. 623.)

**4.—Same—Called Term.**

Except as to probate business, the County Court can not sit in vacation. Its terms are to be fixed by the Legislature or the Commissioner's Court (Const., art. 5, sec. 29), and no "called terms" or "special terms" are authorized by the Constitution.   An order made by the county judge, in proceedings by habeas corpus under articles 3502a, 3502b, Revised Statutes, concerning the custody of a minor, not at a term of court so fixed, but purporting to be at a called term, is not a judgment of the court, but an order of the judge in vacation.   (P. 623.)

Question certified from the Court of Civil Appeals for the Third District, in an appeal from Tom Green County.

*W. A. Anderson*, for appellant.—County Courts of this State have no jurisdiction of an original habeas corpus proceeding, instituted therein for the purpose of determining who is entitled to the custody of a minor child.   Rice v. Rice, 24 Texas Civ. App., 507; State, ex rel Wood v. Deaton, 93 Texas, 247; Legate v. Legate, 87 Texas, 257; Plahn v. Dribred, 36 Texas Civ. App., 600.

*Dubois & Allen*, for appellee.—The county judge of Tom Green County had authority to hear and determine these proceedings by the writ of habeas corpus.   Rev. Stats., arts. 3502a and 3502b; State v. Alcorn, 78 Texas, 392; Baker v. Chisholm, 3 Texas, 158; O'Docherty v. Archer, 9 Texas, 295; Arberry v. Beavers, 6 Texas, 457.

This being a special proceeding for a special purpose, and the statutes not having provided for any appeal therefrom, the action of the county judge is final.

GAINES, CHIEF JUSTICE.—This case comes to us upon certified questions.   Expunging some of the unnecessary matters in the long preliminary statement, it is as follows:

This case was tried below upon the following pleadings:

" 'State of Texas,          }
County of Tom Green. }

" 'To the Hon. Milton Mays, County Judge of said County:

" 'Your petitioner, B. D. Doyle, represents unto Your Honor that Robert Reeves, who is now about three years of age, is the son of Cooper Reeves and wife, Carrie Reeves.   That the parents of said minor child, Robert Reeves, are now living apart, having permanently separated, and that said minor child is now in the custody of Will Reeves, a resident of Tom Green County, Texas, to the injury of such child in this:   That the father of said child is now in the county jail of Tom Green County, Texas, for aggravated assault on the person of his said wife, and that the said Will Reeves is accused as a principal in the commission of said

aggravated assault on the wife of said Cooper Reeves, and is now under bond to answer said assault. That the said Carrie Reeves is now an invalid from the effects of said assault and brutal conduct towards her, and that she is now at the home of your petitioner in Navarro County, Texas, living with him. That by reason of the facts above stated, the said Will Reeves is an improper person to have the custody of said child, and the said Carrie Reeves, the mother of said child, under the facts above stated, is legally entitled to have the custody of said child.

" 'Wherefore, premises considered, your petitioner prays Your Honor to grant and issue a writ of habeas corpus commanding the said Will Reeves to bring before Your Honor at the time and place as designated by you the said minor child, Robert Reeves, to the end that the said child may be rescued from the custody of said Will Reeves, and that upon a hearing hereof, the custody of said child be placed in the custody of your petitioner for delivery to its said mother, Carrie Reeves.' "

" 'Ex Parte, Will Reeves.

No. 315. In Probate Court, Tom Green County, Texas. In Vacation, May 15, 1906.

" 'To the Honorable Milton Mays, Judge of said court:

" 'Comes now the respondent in the above styled and numbered cause and excepting to complainant's petition filed herein on the 12th of this month says the same shows no cause of action as against this respondent, wherefore he prays the judgment of the court.

W. A. Anderson, Attorney for Respondent.

" 'Specially excepting to complainant's petition, respondent says the same is insufficient in law and should be dismissed, for the following reasons, to wit:

" '(1)   This being a suit to determine who is entitled to the custody of a minor child, brought by habeas corpus, in an original proceeding in this court, this court is without jurisdiction to try said cause.

" '(2)   This being an original proceeding, and not one for the purpose of enforcing the jurisdiction of this court, nor for the executing and enforcing an order of this court heretofore made, it is therefore without authority to adjudicate the matters sought to be litigated herein.

" '(3)   Said petition is insufficient in that it does not allege that respondent is illegally restraining or confining said Robert Reeves, nor that his custody of said child is unlawful, on all of which exceptions he prays the judgment of the court.

W. A. Anderson, Attorney for respondent, Will Reeves.

" 'For answer herein, if same be held by the court necessary, and without waiving any of his exceptions, comes the respondent and denies all and singular the allegations in complainant's petition contained and says same are untrue, wherefore, he puts himself upon the country.

W. A. Anderson, Attorney for Respondent.

" 'For special answer herein comes the respondent and says that said infant, Robert Reeves, is in the custody and control of its father, Cooper

Reeves, who makes his home with respondent herein, and that respondent has never and does not now assert control nor claim the custody of said child, to the exclusion of its parents nor either of them. That it is true that the father and mother of said child are separated, and since said separation its father, Cooper Reeves, has had the care, control and custody of said child and with it has made its home at the home of respondent; that respondent and his wife have no children of their own and no other child or children living with them, they are able, willing and capable of providing for, maintaining and educating said child, if same is left with them, and that they are anxious to do so. That said child was placed with respondent by its father, Cooper Reeves. That during the time said child has been with them, they have become attached to it, and that they are not for any reason unsuited for the care and custody of said child.

" 'Respondent further alleges that complainant is a poor man who has a large family of children. That he is a widower, that he is both unable and unsuited for the care and custody of said child, that none of his children are suitable persons for the management and care of him; that the mother of said Robert Reeves is mentally, physically and financially unable and unsuited for the care and custody of said child, all of which he is ready to verify.

W. A. Anderson, Attorney for Respondent.'

"The case was tried at a special term of the County Court and all the exceptions to the petition were overruled and thereafter the following judgment was rendered:

" 'Ex Parte Will Reeves.
No. 315, In the County Court, Tom Green County, Texas. Call Term, May 15, 1906.
" 'Be it remembered that on this the 16th day of May, A. D. 1906, at a call term of the County Court of Tom Green County, Texas, came on to be heard the application of B. D. Doyle for a writ of habeas corpus against respondent Will Reeves, to rescue Robert Reeves, a child under twelve years of age from the possession of the said Will Reeves, who is alleged to be an improper person to have charge of said child, the said Will Reeves not being a natural guardian of said child, and to place said child in the custody of petitioner or other suitable person; and the court, after hearing the evidence and proof submitted and the same being satisfactory to the court, the court is of the opinion that said child should be rescued from the custody of the said Will Reeves, and be placed in the custody of B. D. Doyle, who is shown to the court to be a suitable person to have the custody of said child. It is therefore ordered by the court that the said child, Robert Reeves, be rescued from the custody of the said Will Reeves, and the said Will Reeves is hereby commanded to deliver the custody of said child to the said B. D. Doyle.

" 'And it is further ordered by the court that all costs herein incurred be taxed against the said Will Reeves and that the officers of the court may have execution to collect the same.

Milton Mays, County Judge, Tom Green County, Texas.

" 'To which judgment of the court the respondent Will Reeves by attorney then and there excepted and in open court gave notice of appeal to our Court of Civil Appeals for the Third Supreme Judicial District at Austin.'

"It is also shown by bill of exception that immediately after rendition of the judgment and after notice of appeal had been given, the court, over the objection and protest of the respondent, caused the minor, Robert Reeves, to be taken from the custody of respondent and delivered to B. D. Doyle. The respondent, Will Reeves, has appealed and assigns as error the action of the trial court in overruling his exceptions to the petition and in causing the minor Robert Reeves to be taken from his custody and delivered to the custody of B. D. Doyle, after notice of appeal had been given.

"The appellee, B. D. Doyle, has filed a motion to dismiss the appeal, his contention being that this is a special proceeding before the county judge, and that there is no right of appeal from the decision of the county judge in such proceedings. The proceeding was evidently instituted under articles 3502a and 3502b of the Revised Statutes; and if those articles are not unconstitutional the court below had jurisdiction, but as some doubt exists in this court upon the following material questions, it is deemed proper and we hereby certify them to the Supreme Court for decision:

"1. Assuming that the articles of the statute referred to are valid and not unconstitutional, do those articles show by their terms that it was the intention of the Legislature to make the action of the county judge taken thereunder final, without the right of appeal therefrom?

"2. If the first question be answered in the negative, and it is held that the right of appeal exists, then did the Legislature have the power to authorize such a proceeding by writ of habeas corpus? In other words, is article 3502b constitutional?

"3. If the second question be answered in the negative, holding that article to be unconstitutional, then, although this proceeding was instituted by an application for a writ of habeas corpus, did the trial court have jurisdiction to hear and determine the matter under article 3502b; and did it rule correctly upon the exceptions to the petition?"

The provisions of our Constitution which relate to the jurisdiction of the courts over minors are found in sections 8 and 16 of article 5 of that instrument. Section 8 defines the jurisdiction of the District Courts and contains the following: "The District Court shall have appellate jurisdiction and general control in probate matters over the County Court established in each county, for appointing guardians, granting letters testamentary and of administration, probating wills, for settling the accounts of executors, administrators and guardians, and for the transaction of all business appertaining to estates; and original jurisdiction and general control over executors, administrators, guardians and minors, under such regulations as may be prescribed by law." Section 16 in reference to the jurisdiction of the County Courts provides, among other things, that "the County Court shall have the general jurisdiction of a Probate Court; they shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis, and

common drunkards; grant letters testamentary and of administration; settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis, and common drunkards, including the settlement, partition and distribution of estates of deceased persons; and to apprentice minors, as provided by law."·

Under the common law and equity system of England which was adopted in Texas as early as 1840, the courts of chancery exercised jurisdiction to appoint guardians for minors and to supervise their conduct with reference to the persons and estates of their wards. (3 Pomeroy's Equity (3d ed.), sec. 1303 et seq.) In section 1307 the same author says: "In addition to its power to appoint guardians, the court of equity will also exercise its jurisdiction, in a proper case, and to promote the highest welfare of the infant, where there is already a guardian, natural or legal, by controlling the person of the infant, and by removing it personally from the custody of its natural or legal guardian, even from the custody of its own parents." That this latter jurisdiction may be lawfully exercised by the District Courts of this state is held in Legate v. Legate (87 Texas, 248), and in other cases which need not be cited. That the Constitution does not take from the District Courts such jurisdiction is clear from the language we have already quoted from section 8 of article 5. It is equally clear that the Constitution confided the appointment of guardians of minors to the County Courts, sitting in probate; but we are unable to see that such courts are given any control over minors, or their estates save as wards of guardians appointed by them. We think the words "business of minors" found in section 16 mean business growing out of the administration of their estate; and that they can not be aptly applied to controversies over their custody. It would seem, that in framing the provisions of sections 8 and 16 of article 5 of the Constitution, the able lawyers who drew it had in view the jurisdiction exercised by courts of equity over minors, and intended to confer so much as relates to guardianship to the County Courts, and that which was exercised over this custody, merely, to the District Courts.

The articles of the Revised Statutes referred to in the statement are as follows:

"Article 3502a. Upon the petition of any citizen or citizens to the county judge where he or they reside, setting forth that certain persons other than the natural guardians have in charge a girl or boy, child or children, under twelve years of age, to the injury of such child or children, the county judge so petitioned shall determine at a regular or called term the matter of such petition, and by order of court rescue such child or children from the custody of such person or persons and place them in the custody of such person so petitioning, or other suitable person, upon satisfactory proof that such change will benefit such child or children."

"Article 3502b. Similar proceedings may be had by writs of habeas corpus."

The jurisdiction sought to be conferred by these articles is clearly that exercised in England in the latter cases, and in our District Courts as illustrated by the case of Legate v. Legate. It follows, that in our

opinion the articles 3502a and 3502b as now incorporated in our Revised Statutes are not authorized by the Constitution and are therefore void.

The question as to the right of appeal undoubtedly refers to the right of appeal to the Court of Civil Appeals. We have seen that it is not a probate proceeding. Article 1383 of the Revised Statutes gives a right of appeal to the Court of Civil Appeals "from every final judgment of the County Court in civil cases of which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars, exclusive of interest and costs," etc. Can the order made by the county judge in this case be deemed a judgment of the County Court? The proceedings purport to have been held at a "called term" as designated in article 3502a. Could a called term of the County Court be held under the Constitution? Amended section 29 of article 5 is as follows: "The County Court shall hold at least four terms for both civil and criminal business annually, as may be provided by the Legislature, or by the Commissioners' Court of the county under authority of law, and such other terms each year as may be fixed by the Commissioners' Court; provided, the Commissioners' Court of any county having fixed the times and number of terms of the County Court, shall not change the same again until the expiration of one year. Said court shall dispose of probate business either in term time or vacation, under such regulation as may be prescribed by law. . . . Until otherwise provided, the terms of the County Court shall be held on the first Mondays in February, May, August and November, and may remain in session three weeks." Under this provision while the County Court may sit for probate business in vacation it is apparent that the provision does not apply to other business of the County Court. The section fixes the terms of the court and they can only be changed by order of the Commissioners' Court; and it seems to us that the Legislature is without power to provide for the court sitting at a called term. Section 17 of the same article also provides that the County Court "may dispose of the probate business either in term time or vacation as may be provided by law," but makes no such provisions for other business.

We think it follows, that the Legislature could not provide for a called term of the County Court other than for probate business, and that therefore if the county judge had had jurisdiction of the matter, it must have been deemed a proceeding in vacation and hence an order of the judge and not a judgment of the County Court; and not being a judgment of the County Court under the provision quoted from article 1383 of the Revised Statutes, no appeal would lie from it.