**DOUGLASS v. STOVER.   (No. 9493.)**

(Court of Civil Appeals of Texas. Dallas. Jan. 3, 1925. Rehearing Denied Feb. 14, 1925.)

**1. Appeal and error ⊜151(2), 485(1)—Order appointing permanent guardian held suspended pending disposition of appeal by temporary guardian whose application denied; "aggrieved."**

Where temporary guardian of minor appointed under Vernon's Sayles' Ann. Civ. St. 1914, arts. 4071, 4072, 4074, applied for appointment as permanent guardian, which application was refused, and application of another granted, temporary guardian was entitled to appeal as person aggrieved, under article 4290, and, when she filed bond in compliance with article 4295, the order was suspended pending such appeal, in view of articles 4296, 4299, 4300, 4301; "aggrieved" meaning that there must exist some character of right affected, or interest involved on part of party appealing.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Aggrieved.]

*On Motion for Rehearing.*

**2. Courts ⊜472(4)—County court has no jurisdiction of custody of minor, except as ward of guardian appointed by it.**

A county court has no jurisdiction of custody of minors, except as wards of guardians appointed by it, since district court alone has jurisdiction of proceeding involving custody of minor.

**3. Courts ⊜476—Order, fixing amount of bond on appeal from refusal of application for appointment as guardian, held not attempt to exercise jurisdiction over custody of minor.**

Order of probate court, fixing amount of bond to be given as supersedeas by temporary guardian appealing from refusal of appointment as permanent guardian, and leaving custody of minor with temporary guardian pending appeal, was not an attempt to exercise jurisdiction over custody of minor, of which district court alone has jurisdiction, since right of custody accrued through execution of supersedeas bond.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Original application for habeas corpus by F. H. Douglass against Mrs. Lena Stover.

From an adverse judgment, petitioner appeals. Affirmed.

G. H. Crane, of Dallas, for appellant.

Lee R. Stroud and J. C. Patton, both of Dallas, for appellee.

VAUGHAN, J. This is an appeal from an adverse judgment rendered November 29, 1924, on original application for habeas corpus filed by appellant to regain the care and custody of his minor daughter, Victoria Elizabeth Douglass. Application for the writ was made by appellant on the 21st day of November, 1924, in which he alleged that said Victoria Elizabeth Douglass is now unlawfully and unjustly deprived and restrained of her liberty by Mrs. Lena Stover and husband, F. Stover; that said Victoria Elizabeth Douglass is the daughter of appellant, and that she is about 13 years of age; that her mother is dead, and that some few years ago petitioner and said child's mother were divorced; that petitioner is a proper and suitable person to have the care and custody of said child; that by an order of the honorable county court of Dallas county sitting in probate on the 18th day of November, 1924, appellant was duly and legally appointed guardian of his said child; and that he has duly and legally qualified as such, and that he is entitled to the care, custody, and education of said child, and that the said parties, Mrs. Lena Stover and her husband, F. Stover, illegally, unlawfully, and unjustly are holding said child in restraint of the rights of petitioner and of said child's liberty.

The application was granted and appellee appeared in person and by attorneys, producing said Victoria Elizabeth Douglass in court as commended by the writ.

Answering said writ, appellee contested the granting of the relief prayed for on the following grounds, to wit: That she had heretofore been appointed temporary guardian of the person and estate of said minor by the county court of Dallas county sitting in probate, and duly qualified as such, and had applied to be appointed permanent guardian of the person and estate of said minor; that said minor was, at and before said date of the issuance of said writ of habeas corpus, and still is, in the actual custody and care of appellee, and had been for a considerable time prior to the filing of said petition for writ of habeas corpus, and long prior to her said appointment as such temporary guardian, and still is in her custody and care as such guardian under order made by said county court November 18, 1924, in probate cause No. 10000, Victoria Elizabeth Douglass, a minor, copy of which order is attached to and made a part of appellee's answer, said order being based on appellee's application and appellant's con-

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

test in which he seeks to be appointed guardian of the person and estate of said minor. The order as entered denied the petition of appellee and granted that of appellant, as follows:

"* * * That the application of Lena Stover be and is in all things refused; that Floyd H. Douglass being the father of said minor is found by the court to be its natural guardian and further ordered that said Floyd H. Douglass be and is here appointed the guardian of the estate of said minor estimated of the value of $1,000 and his bond as such is here required in the sum of $2,000, upon giving which, and its approval, letters shall issue to him as guardian of the said estate."

From this judgment appellee appealed to the district court for the Fourteenth judicial district of Texas, and at her request, the court, hearing said application, fixed the amount of bond to be executed as a supersedeas; the order in this respect being as follows:

"* * * Upon request of said applicant, Lena Stover, the court here fixes her supersedeas bond for such appeal at the sum of $200, which appears sufficient as a supersedeas bond and to cover also the costs * * * and it further appearing that the said Lena Stover is the temporary guardian of the person and the estate of the said minor and ought, pending this appeal, to remain such temporary guardian, and that she has, now and before and since the beginning of all proceedings herein, the actual custody and control and care of the said minor, it is ordered that, in the event she promptly perfects her said appeal as required by law, her control, custody, and temporary guardianship of the person and estate of the minor, under the direction and control of this court, remain with her until the final disposition of said cause."

We find the following material facts to have been established: That appellant is the father of Victoria Elizabeth Douglass, a girl about 13 years of age; that she was formerly known as Berty May Douglass; that her mother is dead; that on the 16th day of October 1913, appellant obtained a divorce from Christina Douglass, mother of said minor, in the district court for the Forty-Fourth judicial district of Texas. By the decree rendered in said divorce suit the care and custody of said minor child was awarded to appellant, her father; that on the 26th day of May, 1920, said Christina Douglass made application to the said Forty-Fourth district court to have said award set aside and the care and custody of said minor child awarded to her. On hearing of said application said court refused to award the custody of said child to either of said parents, but by its judgment placed said child in the care and custody of S. H. Douglass, the paternal grandfather of said minor; that said S. H. Douglass departed this life some time during the year 1921; that the mother of said child died about the 20th day of September, 1924, at which time said child was at the home of her mother, who had remarried, and with whom said minor had been living for about two years; that, upon the death of her mother, said minor went to live with appellee, Lena Stover, where she has been living and making her home since her mother's death; that on the ——— day of September, 1924, appellee was appointed by the county court of Dallas county sitting in probate temporary guardian of the person and estate of said minor; that, when appellee applied for appointment as temporary guardian, she also applied to be appointed permanent guardian of the person and estate of said minor; that appellant duly contested said application of appellee and with said contest made application for appointment as guardian of the person and estate of his said minor child; that, upon the hearing of said application of appellee and the contest and application of appellant, said county court held that appellant, being the parent surviving of said minor, was already the permanent guardian of her person and her natural custodian without an appointment and, therefore, refused to appoint appellee as guardian of the person or of the estate of said minor, and held that said appellant, the father of said minor, had priority of appointment as guardian of her estate, and appointed him the permanent guardian of the estate of said minor; that on the 20th day of November, 1924, appellant duly qualified as the guardian of the person and estate of said minor; that, upon the making of said order refusing to appoint appellee guardian of the person and estate of said minor, appellee gave proper and legal notice of appeal from said order and requested the court to fix the amount of bond to be executed as a supersedeas, whereupon the court entered the order as above stated; that, in conformity with said order, appellee executed the bond as therein provided for in the sum of $200 and duly perfected her appeal to the Fourteenth judicial district court of Texas, where same is now pending, and appellee now remains in custody of said minor; that appellee is not related to said minor, but is a suitable person to have the care and custody of said minor and to be appointed her guardian; that the evidence adduced upon said habeas corpus hearing in the trial court was such that said court would have been warranted in awarding the custody, care, and control of said minor unto appellant, being, however, conflicting upon the issues thereon; that what changes in the facts and conditions, if any, have occurred since the death of the minor's grandfather, S. H. Douglass, in whose custody she was placed by order of the Forty-Fourth judicial district court, are not shown, except that said grandfather died on the date aforesaid; and that

said minor was produced by appellee, Lena Stover, in person, and was before the trial court.

We are authorized to assume from the record before us that the trial court refused appellant the relief sought by habeas corpus proceedings on the ground that the appeal bond executed by appellee, appealing from the order of the county court of Dallas county denying the application of appellee and granting that of appellant, was superseded on the execution of said bond by appellee in conformity with the law and said order and the perfecting of her appeal therefrom to the Forty-Fourth judicial district court of Texas, and that, whether right or wrong, the order so entered by said county court suspending the immediate operation and effect of the order so entered and appealed from, were both removed by said appeal, and were within the exclusive jurisdiction of said district court to which said appeal had been perfected, and that solely upon that ground, and without reference to the merits of the controversy presented by said habeas corpus proceedings, the trial court denied to appellant the relief sought through such proceedings, to wit, the restoration to appellant of the care and custody of his minor child, leaving the validity of the orders entered by the county court therein to be determined by the court, to which appeal therefrom had been duly prosecuted.

Therefore, in disposing of this appeal, it is only necessary to pass upon one proposition presented by the second ground of appellant's motion for new trial, to wit:

"The decree of the probate court, allowing and giving to defendant, Lena Stover, the right to appeal said probate case by a supersedeas bond, is null and void and unenforceable, as said court did not have the authority, power, or jurisdiction to allow such bond in said cause."

This challenges the validity of the following provision of said order:

"It is ordered that, in the event she (appellee) promptly perfects her said appeal as required by law, her control, custody, and temporary guardianship of the person and estate of the minor, under the direction and control of this court, will remain with her until the final disposition of said cause."

Appellant contends that, with the exception of the above provision, said order is otherwise valid, but as to this provision claims that the court did not have the authority under the law to enter such order, and that the execution of the bond in accordance therewith did not have the effect to suspend the order appointing him guardian of the person and estate of said minor, and that, on qualifying by taking the oath and executing bond as required by law and the order appointing him such guardian, he be-

268 S.W.—66

came, and now is, entitled to the care, custody, and control of said minor.

[1] Under article 4290, V. S. T. C. S., any person who may consider himself aggrieved by any decision, order, or judgment of a county court sitting in probate, or by any order of the judge thereof, may appeal to the district court as a matter of right without bond. The right conferred by the above article does not extend the right of appeal to any one who has not some character of interest, or who will not be in some way affected by the order or judgment of the court or order of the judge thereof appealed from, as is clearly indicated by the language of article 4299, to wit:

"Appeals from the decision, order or judgment of the county court or county judge to the district court in cases of guardianship shall be tried in the district court de novo; and the judgment of the district court therein shall be certified to the county court to be·carried into effect."

Therefore, it is apparent that, for one to be "aggrieved" as that term is used in article 4290, so as to be entitled to prosecute an appeal to the district court and there require the matters involved in the decision, order, or judgment appealed from to be tried de novo, there must exist some character of right affected or interest involved on the part of the party appealing as a basis for him to "consider himself aggrieved." This conclusion we find to be supported by articles 4300 and 4301, Id., providing respectively for the review of guardianship proceedings by bill of review and by writ of certiorari, from which we gather that the right to institute and maintain a bill of review or certiorari proceedings to have any decree, order, or judgment rendered by a county court in guardianship proceedings revised and corrected, is conferred only on some person "interested." The reason for the requirement, viz., that the person. resorting to either of the above remedies should be interested in the order or proceedings appealed from, applies with equal force to a person seeking to have such proceedings reviewed by an appeal under article 4290, supra, at least to the extent herein indicated.

At the time appellee filed her application to be appointed temporary guardian of the person and estate of said minor, no one entitled to such guardianship, under either article 4071, 4072, or 4074, Id., had applied therefor, and prior to the time of the filing of her application appellee was in the custody and control of said minor; she having been committed to appellee soon after the death of ·her mother, with whom the minor resided prior to and at the time of her death, and appellee, having been appointed temporary guardian of the person and estate of said minor, and having applied for such temporary appointment to be made permanent,

was entitled to appeal from the order refusing her application and granting that of appellant as being one aggrieved by said order.

Article 4290, supra, confers on a person who may consider himself aggrieved the right to appeal without bond from any decision, order, or judgment of the court, or any order of the judge thereof to the district court. Given its proper effect, this article secures to a proper person the right to appeal from any and every character of order that may be entered, either by the court, or the judge thereof, in any guardianship proceeding.

Under article 4296, Id., an appeal thus prosecuted without bond operates to suspend the decision, order, or judgment appealed from, (1) when taken by a claimant from the disapproval of his claim; (2) when taken by the guardian or trustee, except where the controversy is respecting the rights of guardianship or the settlement of an account.

Article 4295, Id., provides:

That the appeal prosecuted under article 4290, supra, shall not suspend the decision, order, or judgment except in the cases above mentioned, "unless the appellant, within twenty days after the entry of notice of appeal, shall file a bond in an amount fixed by the court at the time of entry of appeal, signed by two or more good and sufficient sureties, payable to, and approved by, the clerk, conditioned that the appellant shall perform the orders and judgment which the district court may make therein, in case the decision be against him."

From this language it was beyond the peradventure of a doubt intended by the law-making power of the state to confer upon any one appealing under article 4290, supra, the right, on complying with the terms and provisions of article 4295, supra, to suspend the enforcement of the decision, order, or judgment appealed from so as to hold in abeyance the taking effect of such decision, order, or judgment until the determination of such appeal.

Appellee in all respects, as disclosed by the record, complied with the requirements of said statute; therefore, the order appealed from became, and is now, suspended pending the disposition of said appeal. To hold otherwise would be in effect to nullify the statute in so far as applying its provisions to orders of the character appealed from, and this, notwithstanding that, without any exception, an appeal is allowed by law as a matter of right, without bond from any decision, order, or judgment of the court, or any order of the judge thereof in any guardianship proceedings, and, further, without limitation of the right to execute a supersedeas bond to any particular class of proceedings involved in the decision, order, or judgment appealed from.

This conclusion necessarily requires the judgment of the court below to be affirmed.

This, however, without reference to the merits, and without prejudice to their respective rights involved in the order of the county court appealed from to the Fourteenth judicial district court or their respective rights upon which said order so appealed from was entered.

The judgment of the lower court is accordingly affirmed.

### On Motion for Rehearing.

Appellant, through his attorney, has filed a very interesting and vigorous motion for rehearing. It is contended that in disposing of the case we failed to pass upon the very gist of the appeal, viz., "the power and authority of the probate court to make an order as it did awarding the care and custody of the minor, Victoria Elizabeth Douglass, to Mrs. Lena Stover, the appellee, pending the appeal of the probate case from the probate court to the district court"; appellant asserting that the above is the only real point raised by him in the case.

Although we believe that, in passing upon the following proposition presented by appellant, to wit, "that the decree of the probate court allowing and giving to defendant, Lena Stover, the right to appeal said probate case by a supersedeas bond is null and void and unenforceable, as said court did not have the authority, power, or jurisdiction to allow such bond in such case," the first proposition was necessarily involved and thereby determined adversely to appellant; yet, assuming that, in discussing the case we failed to give that prominence to the first proposition to which appellant believes it was entitled, and that there may be no misapprehension of the position of the court, the following comment is made: Prior to the hearing of the contest between appellant and appellee, appellee had, on proper application, been duly appointed temporary guardian of the person and estate of said minor, which appointment, by proper proceedings, she had requested to be made permanent, which temporary appointment was in full force and effect at the time of the hearing of the contest between appellant and appellee.

[2] The order questioned on this appeal, if same had been entered without reference to the appeal prosecuted in said probate proceedings to the district court for the purpose of awarding the custody of Victoria Elizabeth Douglass to appellee, would have been void as being entered by a court without jurisdiction; the county court not having jurisdiction over the custody of minors, except as wards of guardians appointed by them. Ex parte Reeves, 100 Tex. 617, 103 S. W. 478. Of proceedings involving the custody of a minor as contradistinguished from custody that a county court sitting in probate has the right to control through the appointment of a guardian of the person of

a minor, the district court alone has juris- diction. Legate v. Legate, 87 Tex. 248, 2S S. W. 281.

[3] The order entered by the probate court, fixing the amount of the bond to be given as a supersedeas by appellee in prosecuting her appeal from the order of that court refusing her application to be appointed guardian of the estate and person of Victoria Elizabeth Douglass, and granting that of appellant, is only declaratory of the legal effect that the execution of such bond would have upon the proceedings had in the county court sitting in probate, from which said appeal was prosecuted, to wit, that the enforcement of this order would be suspended pending the appeal, leaving the custody of Victoria Elizabeth Douglass with appellee during that time, and the right of appellant under his appointment as guardian of the person and estate of said minor would likewise be suspended so that he could not exercise the authority conferred upon him by law as such guardian perforce of his appointment and qualification thereunder as such until the appeal prosecuted by appellant should be determined. This was the effect of the appeal on the execution of the supersedeas bond without reference to said order awarding the custody of said minor to appellee pending said appeal. It neither added to nor detracted from the appeal thus perfected. Therefore, it was not even an attempt to exercise jurisdiction in awarding the custody of the minor in that character of proceeding over which the district court can alone exercise original jurisdiction, as all the rights that said order apparently, on its face, conferred upon appellee accrued to her through the execution of the supersedeas bond and not by said order.

The jurisdiction of the county court of Dallas county as a probate court had been properly invoked by the application of appellee for appointment as guardian of the person and estate of said minor, and as well by the contest filed thereto by appellant and his application for appointment as guardian of the person and estate of said minor and appellee's contest filed to appellant's application. The issues thus presented involved the estate of the minor as well as the appointment of a guardian of her person, and, to that extent, her custody or control as a ward by the guardian appointed of her person. This did not involve in any respect that character of proceeding over which the district court alone is given jurisdiction, to wit, the awarding of the custody of a minor to another, even as against parents, the natural guardian, or the guardian theretofore appointed by a court exercising probate jurisdiction.

The motion for rehearing is theretofore overruled.