**ADAMS et al. v. GILLIS et al.   (No. 9421.)**

(Court of Civil Appeals of Texas. Dallas. October 17, 1925. On Motion for Rehearing Nov. 21, 1925.)

1. **Appeal and error** ⚖️907(3)—In absence of statement of fact, conclusions of law, or bill of, exceptions, presumption indulged in support of judgment, unless fundamental error appears on face of record.

When record on appeal contains neither statement of facts, conclusions of law and fact, or bill of exceptions, every reasonable presumption will be indulged in support of judgment, which cannot be disturbed unless there appears on face of record some fundamental error injuriously affecting appellant's rights.

2. **Habeas corpus** ⚖️109—Court held to have properly rendered judgment deciding custody of child, notwithstanding plaintiffs' prior voluntary nonsuit.

In habeas corpus proceedings to determine custody of child claimed by both parties, held that, notwithstanding Vernon's Sayles' Ann Civ. St. 1914, art. 1955, in view of defendants' petition for affirmative relief, and fact that infant becomes court's ward in such a proceeding, court did not err in awarding custody of child to defendants, notwithstanding plaintiffs took voluntary nonsuit before judge announced decision.

On Motion for Rehearing.

**3. Habeas corpus ⊜112—Decree reformed by eliminating finding as to parentage, where such issue eliminated by plaintiffs taking voluntary nonsuit.**

In habeas corpus to determine right to child's custody, where petitioners took voluntary nonsuit before court made decision, though court properly rendered judgment awarding custody notwithstanding such nonsuit, issue as to parentage was eliminated and unnecessary to decree as to custody, and judgment will be reformed by eliminating finding as to parentage therefrom.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Application by Mrs. Zelma Adams and husband for writ of habeas corpus to recover from Mrs. Reno Gillis and husband the custody of Shirley Francis Gillis. Writ was granted, and judgment rendered awarding custody of Shirley Francis Gillis to Mrs. Reno Gillis and another, and petitioners appeal. Judgment reformed and affirmed on rehearing.

Wade & McGinness, of Fort Worth, for appellants.

Dwight L. Lewelling, of Dallas, for appellees.

VAUGHAN, J. On the 24th day of September, 1923, appellants, Mrs. Zelma Adams and husband, B. A. Adams, by proper petition, applied for and obtained the issuance of a writ of habeas corpus to recover from appellees, Reno Gillis and wife, Mrs. Reno Gillis, the custody of a girl 3 years of age, called Shirley Francis Gillis, claimed by appellants to be the natural child of Mrs. Zelma Adams by her former husband, one Bob Hays. Appellants, in substance, allege that appellees were wrongfully withholding said child from appellants; that, by reason of said Shirley Francis Gillis being the natural child of appellant Mrs. Zelma Adams, appellants were entitled to her possession; that appellants were fit and proper persons to be intrusted with her custody; and that the best interests of the child would be served by placing her in their custody. The trial court granted the writ as prayed for, and the cause was heard on October 5, 1923, resulting in the custody, care, and control of said Shirley Francis Gillis being awarded to appellees.

Appellees answered to appellants' petition for said writ by general demurrer and special plea in part as follows:

"These defendants come now, under oath, and state that the said child now in their possession, to wit, Shirley Gillis, is not the child of Mrs. Zelma Adams, that the said child is not the child of either of the plaintiffs or in anywise related to either of them, and the defendants allege that the said plaintiffs are endeavoring to deprive the defendants of their lawful and legal possession of said child; * * * that heretofore, to wit, on or about the 1st day of September, A. D. 1920, the said Mrs. Reno Gillis went to the Gregory Sanitarium in the city of Fort Worth, Tarrant county, Tex., and made her choice of a baby girl, which is the child in question in this suit; * * * that for three years now, beginning with their adoption of said child, they have cared for it, and the said Mrs. Reno Gillis has especially given it all of the tender care, watchfulness, and nurture of a real mother; * * * that they are able to care for the child and have cared for her the same as though the said Mrs. Reno Gillis had given birth to her; that they will continue to do so, and that they are the proper and rightful and legal custodians of said child, and that they will continue to care for her in every proper respect; * * * that the plaintiffs are not by virtue of their environments and past records proper persons to have the care, custody, control, and education of the said child. * * * Wherefore, premises considered, your respondents respectfully pray that said child, and the custody, care, control, and education of said child, remain with and be awarded to your respondents."

[1] The record does not contain either statement of facts, conclusions of law and fact, or bills of exception. Therefore every reasonable presumption will be indulged in support of the judgment, which, under the state of the record, cannot be disturbed unless there appears on the face of the record some fundamental error injuriously affecting the rights of appellants.

This appeal is based upon the proposition that the trial court erred in rendering any other judgment than one of dismissal; appellants having elected to take a nonsuit before the judge trying the case without the intervention of a jury had announced his decision. Article 1955, V. S. T. C. S. 1914.

The record before us discloses the following proceedings:

At the close of the evidence, and before the decision was announced, appellants informed the court that they had elected to take, and would take, a nonsuit in the cause; whereupon the court proceeded to render judgment in favor of appellees and against appellants as herein stated as if said nonsuit had not been taken. Thereafter, and in due time, appellants filed their respective motions, (a) for a new trial, and (b) in arrest of the judgment, and, in the alternative, to reform the judgment. Said motions were heard, resulting in the motion for a new trial being refused and the motion in arrest of or to reform the judgment being granted to the extent of acting upon appellants' nonsuit by reciting the fact that such request had been made and appellants permitted to take a nonsuit as to their cause of action; same, however, not to in any manner affect appellees' right to affirmative relief sought by them in said suit.

The judgment then proceeds to determine all the rights of the litigants as if said nonsuit had not been taken, the court finding and decreeing that appellees "are not, nor is either of them, illegally restraining the said minor, Shirley Francis Gillis, from the care, custody, or control of the said relators"; that "the relators, Mrs. Zelma Adams and her husband, B. A. Adams, are not now, and neither have they been at any time heretofore, entitled to the care, custody, or control of said minor child, Shirley Francis Gillis; * * * that she is not the child of Mrs. Zelma Adams and her husband, B. A. Adams, or either of them." Said judgment further declares that respondents, and each of them, are suitable and proper persons to have the care, custody, and control and education of said minor, and awards the permanent care, custody, control, and education of said minor to respondents.

[2] Appellants' position is that, a nonsuit having been properly taken by them before the judge trying the case had announced the decision, and appellees having failed to ask for affirmative relief, the court was without jurisdiction to enter any other judgment than that of dismissal; appellants in this respect contending that the general rules of law applicable to and controlling pleadings of parties to a suit seeking affirmative relief over and against the adverse party applies to habeas corpus proceedings instituted for the purpose of recovering possession, care, custody, and control of a minor such as the instant suit. Even if the correctness of this position should be conceded, we are of the opinion that, bearing in mind the nature and character of the litigation, the pleading filed by appellees contains, when considered in connection with the prayer for custody of the child, allegations clearly sufficient to constitute a claim for affirmative relief, which alone would have authorized the court to have proceeded as it did to hear and determine the cause.

However, we are of the opinion that, from the very nature of this proceeding, the general rules of law applicable to other classes of litigation do not apply in so far as the effect of taking a nonsuit. Since the adoption of the common-law and equity system of England in Texas in 1840, the district courts of this state have had, and now lawfully exercise, jurisdiction in a proper case to promote the highest welfare of an infant who has in any manner become a ward of the court, and this notwithstanding there is "already a guardian, natural or legal, by controlling the person of the infant and by removing it personally from the custody of its natural or legal guardian, even from the custody of its own parent." Legate v. Legate, 87 Tex. 248, 28 S. W. 281; Ex parte Will Reeves, 100 Tex. 617, 103 S. W. 478, 3 Pomeroy's Equity Jurisprudence (4th Ed.) §§ 1304 and 1307. This jurisdiction, without exception, has always been exercised, not only primarily, but solely, for the purpose of securing the infant's present and future well being. State v. Deaton, 93 Tex. 243, 54 S. W. 901. This jurisdiction was invoked or acquired as to the infant, Shirley Francis Gillis, on the filing of the petition for the writ of habeas corpus, for thereby she became a ward of the court. 3 Pomeroy's Equity Jurisprudence (4th Ed.) § 1305. Such jurisdiction having once attached, it was not within the power of either appellants or appellees, or through their concerted action, to destroy or even impair same. Pomeroy's Equity Jurisprudence (4th Ed.) § 1306. This jurisdiction is not dependent upon the ownership of property by the minor or rights existing in any other person, the interests of the infant to be served being sufficient for that purpose; the jurisdiction alone depending upon the infant becoming a ward of the court. Cowls v. Cowls, 3 Gilman, 435, 44 Am. Dec. 708.

We therefore hold that the court did not err in rendering the judgment appealed from, and same is in all respects affirmed.

Affirmed.

On Motion for Rehearing.

[3] We are of the opinion that appellants' motion should be granted to the extent of reforming the judgment of the trial court, in so far as it decrees that appellant Mrs. Zelma Adams is not the natural mother of Shirley Gillis, the child in question, for the reason that, after the taking of the nonsuit, there did not remain before the court the issue as to the parentage of said child as claimed by appellants, and, further, the determination of that issue was not necessary to decree the custody and care of said child to appellees.

Therefore said decree is reformed by eliminating therefrom the following:

"It is the further finding, order, judgment, and decree of the court upon the evidence that the minor, Shirley Francis Gillis, is not the child of said Mrs. Zelma Adams and her husband, B. A. Adams, or either of them,"

—and, as reformed, said judgment is affirmed, and said motion for rehearing is in all other respects overruled.