### WATTS et al. v. HATCHEL et al.

No. 4823.

Court of Civil Appeals of Texas. Beaumont.

April 24, 1952.

W. T. McNeill, Beaumont, Dibrell, Gardner, Dotson & Graham, San Antonio, for appellants.

Baker, Vaughan & Black, Port Arthur, for appellees.

R. L. MURRAY, Justice.

This is an appeal from a judgment of the Criminal District Court of Jefferson County, involving the custody of a minor child, Linda Jean Hatchel, now six years of age.

The appellants, Mrs. R. C. Watts and Duane B. Hatchel, the mother and father of the child, were divorced in Nacogdoches County in May, 1946. The divorce decree was entered on a cross-action filed by Duane B. Hatchel, and at the time the parties had only the one child, Linda Jean, who was about six months of age at the time of the divorce. The custody of the child was awarded to Mrs. O. D. Hatchel, the appellee here, who was the mother of the child's father, Duane B. Hatchel. The divorce judgment was entered by the agreement of the appellant, who was 16 years old at the time. She at that time had no income, was not employed and was not trained to do any type of work and was living in a rented apartment. Afterwards she moved to San Antonio and about a year after her divorce she married her present husband. They now have another child, a girl three years old. Her husband is employed and also has a business of his own with a total income of about $475 per month. The appellant and her husband have visited Linda Jean twice a year. They live in a good neighborhood in San Antonio, are members of a church and their home is near an elementary school. There is no evidence in the record that the appellant was anything but a fit and proper mother to have the custody of the child. She is permitted by the terms of the original divorce decree to visit the child. On several occasions she has had some dif-

ficulty in doing so. The appellee has refused to allow appellant to take the child away from the place where it is living for these visits. On the occasion of the last few visits she has noticed that the child refuses to show any affection toward her.

She brought this suit to change the custody of the child to herself, alleging that conditions have changed since the custody of the child was granted to the grandmother at the time of the original divorce decree. The suit was filed in Bexar County and was transferred to Jefferson County on the appellee's plea of privilege. The petition alleged that because of the change in conditions it will be to the best interest of the child that her custody be changed to the appellant, her natural mother. The appellees answered, alleging that there was no change in conditions to warrant the change of custody and further alleged it to be to the best interest of the child that she remain with the appellees, Mr. and Mrs. O. D. Hatchel. The case was tried to the court without a jury and the court ruled that conditions had not changed to such an extent as to cause the custody of the minor child to be changed and held that the best interest of the child would be best served by leaving her in the custody of the appellees. The appellants requested findings of fact and conclusions of law which were filed by the court. In such findings of fact the trial court held, inter alia, that Mrs. Hatchel and her husband had lived in Jefferson County about three years and that the little girl had lived with them in that county; that they enjoyed a good reputation and that the child attends Sunday School and Church regularly; that they are good Christian people and are rearing the child in a Christian home and in a Christian manner; that Mr. Hatchel's income is ample to provide for the needs of the child; that the child has been regularly attended by a physician since she has been in their home and that their home is a suitable one in which to rear the child; that they live alone with the child most of the time and that the child is happy, healthy and is well advanced as any child of her age.

The court further found that the best interest of the child would be best served by leaving her in the home of her grandparents, because she is satisfied and happy with them and has not seen her mother often enough during her lifetime to know and love her; that the mother, Mrs. Watts, did not visit the child for a period of two years, from the time she was one year old until she was three; that Mrs. Watts, the appellant, has visited the child not more than seven times in the last three years and made no request to take the custody of the child until about six weeks before the suit was filed; that she is not contributing any money to its support and maintenance and during the time the child has been in Mrs. Hatchel's custody she has given her only two or three dresses and a pair of cowboy boots. The court further found that Mrs. Watts and her present husband, Andrew Watts, have another child three and one-half years old and that Mr. Watts has a child by a former marriage about fourteen years old who lives with his mother in California; that he has not supported said child but sends him train fare each summer for him to come and visit with him, and occasionally sends him clothes.

The court further found that Andrew Watts and R. C. Watts drink intoxicating beverages occasionally and have been members of a church in San Antonio for the past five months. The court further found that the appellant Mrs. Watts was not a fit and proper person to have the custody of the child at the time the divorce was granted in 1946; that at that time the child was sick and undernourished and had not been cared for properly; that Mrs. Watts did not show the proper interest in the welfare of her child for five and one-half years and that it is now very doubtful if she would take proper care of the child if given the custody. The court concluded, as a matter of law, that the appellees, the grandparents, are the fit and proper persons to have the custody of the child, and that the best interest of the child would be best served by her remaining in their home, and that the child would not be best served by placing her in the home of Andrew Watts and

R. C. Watts. The Court also concluded that Mr. and Mrs. Watts are not the fit and proper persons to have the custody of the child, and futher that the conduct of Mrs. Watts, the child's mother in surrendering the child to Mrs. Hatchel and her failure to visit her for a period of two years is equivalent to abandonment and that new relations and new conditions have occurred which would make it manifestly unfair to the child to break this new relation and place her with her mother and stepfather. The court finally concluded that "under all circumstances the best interest of said child would be promoted and protected by leaving her in the custody of the defendants O. D. Hatchel and wife, the child's grandparents."

The appellants filed no objections or exceptions to these findings of fact and conclusions of law.

The appellants have duly perfected their appeal to this court. Their Point of Error No. 1 is that the trial court erred in holding that there were not changed conditions since the 1946 divorce decree of such a nature to cause the custody of the child to be changed to that of its natural mother. Their second point is that the court erred in providing in the judgment a new restriction in regard to visitation with the child by the appellants, in that the judgment now restricts such visits to the home of the appellees.

■ We think the rule is well established in this State now that in matters involving the custody of children the trial court is vested with a wide discretion. We are in hearty accord with this rule. The trial judge has the obligation to exercise sound discretion in determining what is the best interest of the child and his judgment will not be disturbed unless an abuse of discretion is clearly shown. Ogden v. LeSueur, Tex.Civ.App., 236 S.W.2d 872.

■ We have examined the entire record and statement of facts in this case and we are satisfied that there is no abuse of the trial court's discretion shown in this judgment. The question of who shall have the custody of a small child is primarily one of fact and must be decided upon the basis of what will be more beneficial to the child herself. Ordinarily, of course, the mother is the proper person to have the custody of a child of tender years, and we have repeatedly so held. But it is also the rule well recognized in our jurisdiction that when a parent willingly surrenders his or her right of custody to another and that other person cares for and rears an infant with all the affection and care to be expected from a parent, and from such a situation strong domestic ties develop between the child and those caring for it, the law will not take the custody of the child away from them and place it with the natural parent, in the absence of a showing of unfitness on the part of the ones caring for the child, and greatly superior advantages existing in the home of the natural parent. All of these matters were undoubtedly considered by the trial judge in this case and the findings of fact and conclusions of law which he makes are accepted by us as correct and proper in this case. He has the burden to determine what will best serve the interest of this little girl and when he has made that decision, supported by the record as it is in this case, we do not believe that the judgment should be disturbed. See Legat v. Legat, 87 Tex. 248, 28 S.W. 281; Tunnell v. Reeves, Tex.Com.App., 35 S.W.2d 707.

■ Point 2 is overruled. As stated above, the trial court has a wide discretion in these matters. He heard the people testify and he knew the probable state of feeling between the parties under the circumstances. It was within his power to alter details of the order adjudicating custody of the little girl, when once his court acquired jurisdiction over the controversy. The filing of the suit to change the custody because of altered conditions gave him jurisdiction over the controversy and he therefore had the authority to change the details as to places of visiting the child in some minor particular.

The judgment of the trial court is affirmed.