**Nettie Mae TAYLOR et vir, Appellants,**

v.

**Henderson JACKSON et ux., Appellees.**

No. 10597.

Court of Civil Appeals of Texas.

Austin.

Oct. 15, 1958.

Rehearing Denied Nov. 12, 1958.

C. C. Jopling, La Grange, for appellants.

J. P. Hart, La Grange, for appellees.

ARCHER, Chief Justice.

This is a child custody case.

The child was born on June 8, 1953 and was taken by its mother, who was estranged from her husband, to her father during the month of September, 1953, to keep while she went on a cotton pick, and on her return two weeks later, went to Houston to seek employment and remained there for some months, during which time she visited the child a few times.

Subsequently the mother went to San Antonio and resumed marriage relationship with her husband, the child's father, which only lasted a few weeks, and then returned to Columbus, Texas until 1956. The mother then went to San Antonio and secured employment. A divorce was granted the child's mother in San Antonio in September, 1957, and the custody of the child was awarded to the mother and the father was ordered to pay Jereylene Jackson, wife of Henderson Jackson, $10 per week.

The appellant married her present husband, Lonnie Taylor, in 1957, and they are living in Yuma, Arizona, where Taylor is stationed, being in the Air Force, and the couple draw a combined sum of about $260 per month with living quarters.

The appellees own their home and for a number of years Henderson Jackson was employed by a railroad company.

When the child was taken to the Jackson home it was only a few month old and sickly and was afflicted with rickets. The child is now about five years of age and in good health.

The petition was in the nature of a habeas corpus seeking the custody of the child; the defendants responded charging that the child had been abandoned by its parents and given to them by its mother and that she relinquished all parental authority; that they have cared for the child, furnished all of its needs, as well as giving it love and affection.

The Court on a hearing awarded the custody of the child to the appellees herein.

Extensive fact findings were made and the Court concluded that the law was with the defendants.

The Court found that the grandparent, Henderson Jackson, and his wife Jereylene Jackson were fit and proper persons and that the appellants were not; that the mother had not contributed to the support of the child other than a few clothes and some toys.

The Court found that the best interest of the child will be served by leaving him in the home of the appellees as he had not lived with his mother since he was a month old.

▮ A finding was made that the appellant Nettie Mae Taylor's general reputation and moral character is questionable. This recitation is not, we believe, supported by the record. The mother has had an unhappy life and forced by circumstances beyond her control to part with her child; she now appears to be in a position to care for the child. There is a remark in the record that her present husband had said that he did not want any children.

Taking the record as a whole and bearing in mind that the best interest of the child is paramount, we do not believe the Court was in error in awarding the custody of the child to the appellees.

▮ It is always difficult and troublesome for a Court to not award the custody of a child of tender age to its natural mother, but it is the duty and responsibility of the Court to always take into consideration the best interest of the child.

Legate v. Legate, 87 Tex. 248, 28 S.W. 281; Vernon's Ann.St.Const. art. 5, § 8; Jones v. Davis, Tex.Civ.App., 314 S.W.2d 328.

The record in this case is long and we have not attempted to review the testimony in detail. The Trial Court saw the witnesses and heard the testimony and was in a better position to determine the issue than are we, and we do not find an abuse of discretion.

Watts v. Hatchel, Tex.Civ.App., 249 S. W.2d 69; Skrobarcek v. Stephenson, Tex. Civ.App., 249 S.W.2d 83; Tex.Jur. Vol. 31, Parent and Child, 1295.

The judgment of the Trial Court is affirmed.

Affirmed.

HUGHES, J., not sitting.